A89A1815. THOMAS v. THE STATE.
(388 SE2d 32)

SOGNIER, Judge.

Michael William Thomas was convicted of two counts of theft by taking and one count of possession of tools for the commission of a crime, and he brings this appeal, contending the trial court erred by denying his motion for a new trial because the evidence was insuffi-

cient to support the verdict.

At trial, Leon Johnson, the owner and operator of a Mercedes-Benz parts business in Douglasville, identified appellant as the person who sold him the hard tops of two Mercedes-Benz automobiles. Johnson testified that he paid for these by check, and the payee on both checks was appellant. Both Ian Lloyd-Jones, the victim in Count I, and Dale Tietz, the victim in Count II, testified that the hard tops of their Mercedes-Benz automobiles were stolen while the vehicles were parked at Hartsfield Airport, and both victims positively identified their hard tops at Johnson's business. Johnson's testimony established that the hard tops had been sold at almost exactly the times the victims reported the items stolen. Detective George Crawford of the Atlanta Police Department testified that he obtained from Johnson appellant's telephone number and a description of the pickup truck driven by appellant, and traced the telephone number to a street address in Griffin, where he observed a pickup truck fitting the description given by Johnson. Charles Bailey, an elevator company employee on assignment at the airport, testified he observed a similar pickup truck leaving the airport parking lot on December 31, 1987, at the time Lloyd-Jones' vehicle was parked there. The truck caught Bailey's attention because it was moving rapidly and he had to maneuver his own vehicle to avoid hitting it. As the truck traveled past him, a sleeping bag blew out of the bed of the truck and exposed a Mercedes-Benz hard top. The truck bypassed the exit ramp leading to the toll booths and exited the parking lot through a temporary entrance. Bailey called the police.

On January 16, 1988, based on his investigation to that date, Crawford placed a lookout for the pickup truck with the Atlanta police. Atlanta Police Officer Bradford testified that on that date he was on uniform duty at the airport, and about 2:15 a.m. he observed a pickup truck fitting the general description in the lookout. After watching it briefly, he stopped the truck and asked the driver for identification. The driver, later identified as appellant, said his name was Michael William Thomas but could not produce a driver's license or any identification. Appellant was then arrested, and an inventory search of the truck revealed tools which Johnson, as well as the victims, later identified as those routinely used to remove Mercedes-Benz hard tops. Appellant admitted to Crawford that he sold the hard tops to Johnson, but said he had received them from a person named "Jim." Appellant could not give Jim's last name, address, or telephone number. The defense presented no evidence at trial.

Appellant specifically points out that Bailey could not positively identify the vehicle he saw at the airport as the one identified at trial as appellant's. However, Bradford positively identified appellant as the driver of the pickup truck he stopped, and appellant admitted to

Crawford that he was the sole driver of that vehicle. Although appellant told Crawford he was at the airport to pick up a relative, the evidence at trial disclosed that no such person was scheduled to arrive. Appellant's recent possession of the hard tops was perhaps insufficient by itself to support a conviction. See *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983). However, combined with the other evidence adduced at trial, including appellant's possession of tools specifically designed for removing Mercedes-Benz hard tops and his unexplained presence at the airport at 2:15 a.m., it was sufficient to enable a rational trier of fact to find appellant guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Rogers v. State*, 185 Ga. App. 211-213 (1) (363 SE2d 846) (1987). Accordingly, as the evidence was sufficient to support the verdict, the trial court did not err by denying appellant's motion for a new trial.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 6, 1989.

*Robert L. Ferguson*, for appellant.
*Robert E. Keller, District Attorney, Lisa A. Curia, Assistant District Attorney*, for appellee.