A89A1043. HAMLIN v. THE STATE.
(388 SE2d 48)

BENHAM, Judge.

Based upon two separate incidents, appellant was convicted of trafficking in cocaine and possession of cocaine with intent to distribute. On appeal he cites as error the trial court's denial of his motion for a directed verdict of acquittal on the trafficking charge.

Appellant's motion was premised on an alleged fatal variance between the allegata and probata. The indictment charged appellant "with having committed the offense of TRAFFICKING IN CO-CAINE. For that [appellant], on the 9th day of November . . . 1987, at approximately 2:30 p.m., in [Bibb County, Georgia], was then and there knowingly in actual possession of more than 28 grams of a mixture with a purity of more than 10 percent of cocaine and did distribute said cocaine to Undercover Agent Bill Malarney. . . ." At trial, the State presented evidence that appellant, at the time and place alleged, had in his possession 140.25 grams of a mixture that was 76 percent pure cocaine which he distributed to Frank Perez, an informant used by Agent Malarney. Appellant maintains that the State's failure to prove that he distributed the cocaine to Malarney, as alleged in the indictment, vitiates his conviction for trafficking in cocaine. We disagree.

The trafficking statute, OCGA § 16-13-31 (a) (1), as it existed in 1987, made it illegal for any person to knowingly sell, manufacture, deliver, bring into Georgia, or to be in actual possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine. There is no requirement in the trafficking statute that the State allege and prove that the defendant distributed the

cocaine. Thus, the inclusion by the State in the indictment of language concerning the distribution of cocaine to a certain individual was "mere surplusage," "unnecessary to constitute the offense, need not be proved, and may be disregarded. [Cits.]" *Garvey v. State*, 176 Ga. App. 268 (5) (335 SE2d 640) (1985). See *Moran v. State*, 170 Ga. App. 837 (2) (318 SE2d 716) (1984).

Assuming, arguendo, that the *distribution* of cocaine (not mentioned in OCGA § 16-13-31) is tantamount to the *delivery* of cocaine (listed in OCGA § 16-13-31) and thereby becomes a means of trafficking, appellant's motion was correctly denied. "The proof of the first part of the [indictment] alone, namely, that of [possessing more than 28 grams of a mixture containing at least 10 percent cocaine] is sufficient . . . to establish a violation of OCGA § [16-13-31], and the remainder [the distribution allegation] can be stricken as surplusage." *West v. State*, 178 Ga. App. 550 (1) (343 SE2d 759) (1986). The trial court did not err in denying appellant's motion for a directed verdict of acquittal.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 9, 1989.

*Reinhardt & Whitley, Robert C. Wilmot*, for appellant.
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.

