A90A2118. RANSON v. THE STATE.
(402 SE2d 740)

SOGNIER, Chief Judge.

Milton Bernard Ranson was convicted of attempted theft by taking of a motor vehicle, possession of tools for the commission of a crime, and giving a false name to a law enforcement officer, and he appeals.

The evidence adduced at trial showed that at approximately 3:00 a.m. on December 1, 1989, Officer Bradley D. Ingles of the Gwinnett County Police Department was on routine patrol in Lawrenceville when he noticed a car pulled over on the side of the road. Based on suspicions aroused by his conversation with the driver of that car, he decided to investigate the surrounding areas and, turning off his headlights, he entered the drive of an office park across the road. He then observed backed up to a building a large tractor trailer moving van, the owner of which was identified on the side of the cab as William Burton. Judging from the amount of exhaust generated by the truck, Ingles concluded its engine had just been started.

Ingles approached the driver's door and observed a man wearing overalls, later identified as appellant, sitting in the driver's seat. When asked his name, appellant stated he was William Burton, but could not produce identification. Appellant stated that his wife had

brought him to the parking lot but had then left, and that he was checking the truck to see if it would develop air pressure. Appellant informed Ingles that he was licensed to drive in Indiana. However, when Ingles asked the police dispatcher to run a check of Indiana driver's licenses, appellant asserted that he was licensed in New Jersey. He stated at different times that his brother owned the truck, and that both he and his brother owned it.

While appellant purported to look for the registration (which was never produced), Ingles circled the cab and noticed that the wing window on the passenger side was broken. He also observed broken glass on the ground. When appellant then gave a different date from the one he had originally given Ingles as his birth date, Ingles arrested him, placed him in the back seat of the patrol car, and advised him of his rights. Ingles had noticed an attache case in the cab when appellant was searching for the registration, and he inspected the interior of the cab once appellant had been secured in the patrol car, hoping to find a clue to the identity of the owner of the truck. He found a local address for William Burton in the attache case, and Burton was called. Ingles informed appellant that the real William Burton was en route to the scene, and appellant then admitted his true name and address.

Ingles found a brown nylon bag containing tools and broken glass on the floor in front of the passenger seat, and several loose tools around the driver's seat. The truck's starter switch had been broken out of its plastic cowling, the switch was missing, and the wires were twisted together. The back door of the trailer had been unlocked, and its padlock was missing and was not located in a search of the parking lot. Boxes inside the trailer, which contained furniture, had been torn open. Ingles testified that appellant denied the burglary tools belonged to him.

1. We find the evidence set forth above sufficient to authorize the jury to convict appellant on all three counts under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Thomas v. State*, 193 Ga. App. 419, 421 (388 SE2d 32) (1989).

2. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal on the charge of possession of tools for the commission of a crime because the tools were ordinary household tools which Ingles and another officer testified they themselves possessed, and consequently this case is controlled by our holding in *Burnette v. State*, 168 Ga. App. 578, 580 (2) (b) (309 SE2d 875) (1983). We do not agree. In *Burnette*, the tools were rusty, no evidence was adduced that they had been used recently, and the burglarized premises showed no sign of forcible entry. In the case sub judice, the tools were spread out in the cab, the nylon tool bag contained

broken glass, and the truck window was broken, thereby indicating that the tools had been used to break into the truck and distinguishing this case factually from *Burnette*. See generally *Hayes v. State*, 193 Ga. App. 33, 35 (5) (387 SE2d 139) (1989).

A directed verdict of acquittal may be granted only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty. . . .' " OCGA § 17-9-1 (a). The evidence as to this count did not demand a verdict of not guilty, and thus the trial court did not err by denying appellant's motion. *Horton v. State*, 194 Ga. App. 797, 798 (1) (a) (392 SE2d 259) (1990).

3. The indictment charged appellant with criminal attempt to commit theft by taking a motor vehicle in that he performed a number of acts which constituted substantial steps toward the commission of the crime. The acts alleged in the indictment included breaking the window of the cab, removing the ignition wire cover, "hot wiring" the engine, removing the trailer's padlock, entering the trailer, and tearing open a box containing furniture. During its deliberations, the jury sent a note to the trial court asking whether the State was required to prove beyond a reasonable doubt all the allegations in the indictment. In two enumerations, appellant contends the trial court erred by failing to respond to that question in the affirmative when recharging the jury, and by denying appellant an opportunity to be heard before the recharge. We find no merit in these enumerations.

(a) In its recharge to the jury, the trial court reinstructed the jury on the essential elements of criminal attempt and of theft by taking; on parties to a crime; and on the requirement that the State prove each essential element of the crime beyond a reasonable doubt. This recharge was a correct statement of the law. OCGA § 16-4-1 provides that "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Because the statute requires proof of only one act which is a substantial step toward the commission of the crime, inclusion in the indictment of more than one such act is mere surplusage, which is " 'unnecessary to constitute the offense, need not be proved, and may be disregarded. (Cits.)' [Cits.]" *Hamlin v. State*, 193 Ga. App. 453, 454 (388 SE2d 48) (1989). Appellant thus sought to have the judge recharge the jury on an incorrect principle of law, and we find no error in the trial court's failure to accede to the request. See generally *Powell v. State*, 192 Ga. App. 688-689 (2) (385 SE2d 772) (1989).

(b) Appellant cites no authority, and we have found none, establishing a constitutional right to be heard before the jury is recharged. Appellant was afforded the right to note his exception to the recharge as given, and in light of that and our finding in Division (3) (a) that

the recharge as given was correct, no error resulted from the trial court's failure to allow appellant to be heard on this issue. See *Simmons v. State*, 172 Ga. App. 695, 696-697 (2) (324 SE2d 546) (1984).

4. Appellant contends the trial court erred by admitting into evidence as a similar crime a certified copy of appellant's 1976 conviction for possession of tools commonly used in the commission of theft, without requiring further evidence of similarity. We find no merit in this contention. "Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." (Citations and punctuation omitted.) *Frazier v. State*, 195 Ga. App. 599, 600 (6) (394 SE2d 396) (1990). Introduction into evidence of a certified copy of the 1976 conviction was sufficient to satisfy both the identity and the similarity requirements. Id.

5. Appellant's assertion that the trial court failed to instruct the jury that the State had the burden of proving all material allegations of the indictment is not supported by the record. See Division 3 (a).

6. Appellant maintains that the trial court's charge on the presumption of witnesses' truthfulness was burden shifting and therefore constitutionally infirm. " 'Although we have held that such presumption-of-truthfulness charges can be misleading, and are of little positive value, and have recommended that their use be discontinued, we have nevertheless noted that they have [been] held not to be, as [appellant contends], unconstitutionally burden-shifting. (Cit.)' [Cits.]" *Head v. State*, 191 Ga. App. 262, 265 (7) (381 SE2d 519) (1989).

7. Appellant enumerates as error the trial court's imposition of a ten year sentence with seven years to serve on the charge of attempted motor vehicle theft, based on the fact that it was appellant's "third theft related charge." Appellant argues that only one of his prior convictions was actually for theft. We perceive appellant's argument to be merely a matter of semantics, however, as our review of the evidence demonstrates that both prior convictions were "theft related." Moreover, upon conviction for criminal attempt, OCGA § 16-4-6 (b) authorizes a sentence of one-half the maximum time authorized for the completed crime, and OCGA § 16-8-12 (a) (4) (A) permits a sentence of 20 years for even a first conviction of motor vehicle theft. The sentence imposed was within the range authorized by the statute and thus appellant's objections must be addressed by the sentence review panel as provided in OCGA § 17-10-6. *Head*, supra at 265 (9).

8. Appellant urges error was committed in the trial court's charging the jury on parties to a crime, when the State failed to request

this charge in writing at the commencement of trial as required by USCR 10.3. Pretermitting the fact that no penalty is stated for failure to follow the dictates of this rule, giving the charge cannot have been error because it clearly was authorized by the evidence. "Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue. [Cit.]" *Johnson v. State*, 185 Ga. App. 505, 506 (1) (364 SE2d 893) (1988).

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in Divisions 1, 2, 3, 5, 6, 7, 8, and in the judgment.*

DECIDED FEBRUARY 5, 1991 —
REHEARING DENIED FEBRUARY 22, 1991 — 

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.