## A99A2025. BROWN v. THE STATE.
(529 SE2d 650)

SMITH, Judge.
Shawn Brown and a co-defendant, Venice Lipsey, were convicted by a Fulton County jury of two counts of armed robbery, aggravated

---

assault, burglary, kidnapping, and false imprisonment. Brown's amended motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. Brown raises the general grounds. He does not argue the sufficiency of the evidence, however, conceding in his brief that "the evidence may have been sufficient to establish his guilt." Instead, he argues only that the trial court's answer to a question posed by the jury during deliberations rendered the verdict "contrary to the principles of justice and equity." In a related enumeration of error, Brown contends that the trial court erred in its answer to the jury.

The aggravated assault charge against Brown alleged that Brown "did unlawfully commit an assault upon the person of [the victim] by applying a flammable liquid to the body of [the victim] and igniting said flammable liquid, all with intent to rob [the victim]." While considering the case, the jury sent several written questions to the trial court. Brown's objection is raised with respect to the question: "If the jury agrees that aggravated assault occurred, but does not believe the flammable liquid was ignited, how should we rule? Can we still rule guilty on aggravated assault?" The trial court responded by writing "Yes" on the note.

The indictment charged Brown with aggravated assault by committing two acts, either of which "places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2).[1] "Because the statute requires proof of only one act . . . , inclusion in the indictment of more than one such act is mere surplusage, which is unnecessary to constitute the offense, need not be proved, and may be disregarded." (Citations and punctuation omitted.) *Ranson v. State*, 198 Ga. App. 659, 661 (3) (a) (402 SE2d 740) (1991) (full concurrence as to Division 3). Moreover, when an indictment alleges that an aggravated assault was committed by two means, the State need prove only one of the two acts constituting the crime of aggravated assault to sustain the conviction. *Lubiano v. State*, 192 Ga. App. 272, 273-274 (1) (a) (384 SE2d 410) (1989) (full concurrence as to Division 1) (no fatal variance where indictment alleged assault by feet and revolver but evidence showed assault by feet only). The trial court's response to the jury, therefore, was a correct statement of the law and not error. Id. at 276 (2) (b) (full concurrence as to Division 2); *Ranson*, supra.

2. Brown also contends the trial court erred in commenting in the presence of the jury that the victim had made a prior consistent

---

[1] The alleged intent to rob the victim is an element of the offense of aggravated assault. OCGA § 16-5-21 (a) (1).

statement. But this comment was made in the context of a ruling on Brown's objection to the introduction of the victim's earlier statement to investigators. When the veracity of a witness is in issue, a prior consistent statement is admissible as substantive evidence. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

> It is well settled that remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence as contemplated by OCGA § 17-8-57. Here, the trial court was clearly assigning a reason for its ruling. Additionally, in its charge to the jury, the court instructed that by none of its rulings or comments had it intended to express any opinion as to the facts, the credibility of the witnesses, the evidence, or the defendant's guilt.

(Citation and punctuation omitted.) *Crews v. State*, 226 Ga. App. 232, 237 (6) (486 SE2d 61) (1997). Here, as in *Crews*, the trial court's charge to the jury included the caution that "[b]y no ruling or comment which the court has made during the progress of the trial has the court intended to express any opinion upon the facts of the case, upon the credibility of the witnesses, upon the evidence, upon the guilt or innocence of the defendants." Brown also failed to object to the trial court's statement or move for a mistrial. Brown's contention on appeal that he failed to move for a mistrial because the trial court was so "severe" in its response to counsel's first objection is belied by the transcript. In addition,

> [n]o matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. A party's acquiescence to the ruling of a trial court deprives the party of a right to complain of that ruling on appeal, and acquiescence can be caused by silence. Defendant has waived the issue argued on appeal by failing to raise an objection in the trial court.

(Citations and punctuation omitted.) *Carr v. State*, 214 Ga. App. 367, 368 (448 SE2d 33) (1994). See also *Nolton v. State*, 196 Ga. App. 690, 691 (2) (396 SE2d 605) (1990) (issue not preserved when no objection to comment by judge).

3. Finally, Brown contends that the sentences imposed by the trial court were unduly harsh in that they were more severe than those meted out to his co-defendant. But the sentences were within the statutory limits for each of the crimes for which Brown was convicted. See OCGA §§ 16-8-41 (b); 16-5-21 (b); 16-7-1 (b); 16-5-40 (b);

16-5-41 (b). "We will not review for legal error any sentence which is within the statutory limits. Any question as to the excessiveness of such a sentence should be addressed to the sentence review panel as provided in OCGA § 17-10-6." (Citation and punctuation omitted.) *Rehberger v. State*, 235 Ga. App. 827, 830 (4) (510 SE2d 594) (1998) (allegation that sentence was "constitutionally excessive"). See also *Lanzo v. State*, 187 Ga. App. 616, 619 (7) (371 SE2d 119) (1988) (allegation that sentence was disproportionate to that of co-defendant must be addressed to sentence review panel).[2] We note that under OCGA § 17-10-6 (a), Brown shall have 30 days after the remittitur from this court is made the judgment of the trial court to make application for sentence review.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 11, 2000.

*Elaine T. McGruder*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart*, Assistant District Attorney, for appellee.

---

[2] As the trial court correctly observed, the revision of OCGA § 17-10-6, excepting from its provisions sentencing in a "serious violent felony" under OCGA § 17-10-6.1, did not become effective until after the commission of the offenses in this case. See Ga. L. 1994, pp. 1959, 1971, § 16.