A06A1439. RODRIGUEZ v. THE STATE.

(634 SE2d 182)

JOHNSON, Presiding Judge.

Pursuant to a negotiated plea agreement, Lorenzo Rodriguez pled guilty to trafficking in methamphetamine and possession of marijuana. The trial judge accepted the plea agreement and sentenced Rodriguez to serve fifteen years in confinement and ten years on probation. Rodriguez moved to withdraw his guilty plea, but the trial court denied the motion. Rodriguez appeals.

Rodriguez claims that the trial court erred in denying his request to withdraw his guilty plea because he was not correctly informed of either the maximum sentence he faced for both offenses or the mandatory minimum sentence for the methamphetamine trafficking charge. Indeed, under Uniform Superior Court Rule 33.8 (C), a trial judge should not accept a guilty plea without first informing the defendant of the maximum possible sentence and any mandatory minimum sentence. But contrary to Rodriguez's claims, he was properly informed of the maximum possible sentence for both charges and the mandatory minimum sentence for the methamphetamine trafficking charge.

As Rodriguez notes in his brief, he faced a maximum prison sentence of 31 years: 30 years for trafficking because he possessed

more than 200 grams of a mixture containing methamphetamine,[1] plus 12 months for possessing less than one ounce of marijuana.[2] The transcript of the plea hearing shows that at the start of the hearing Rodriguez was asked by the prosecutor if he understood that he was subject to a punishment of up to 31 years imprisonment, and Rodriguez answered that he did understand he was subject to such punishment.

It is true that the waiver of rights form signed by Rodriguez incorrectly states that the maximum term of imprisonment he faced was 30 years, rather than 31 years. Nevertheless, given that Rodriguez was correctly informed of the maximum sentence at the plea hearing and that he acknowledged his understanding that the maximum possible sentence was 31 years, we find that the mistake on the waiver of rights form is not a manifest injustice requiring reversal of the trial court's refusal to allow withdrawal of the guilty plea. "After sentence is pronounced, withdrawal of a guilty plea is allowed only to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion."[3]

Likewise, the trial court did not manifestly abuse its discretion in finding that Rodriguez had been properly advised that the trafficking charge carried a mandatory minimum sentence of 15 years imprisonment.[4] At the plea hearing, Rodriguez was asked by the prosecutor if he understood that *the minimum sentence* for the crime is 15 years in jail, and he responded that he did understand that this is the minimum sentence. Rodriguez was then asked if he understood that the state had agreed to recommend that he receive *the minimum sentence*, and Rodriguez again acknowledged that he understood.

It certainly would have been the better practice for the prosecutor to have used the word "mandatory" in describing the minimum sentence. But we do not find error based on mere semantics.[5] Based on the transcript, we conclude that Rodriguez clearly understood that *the minimum sentence* of 15 years was a mandatory minimum for the trafficking charge.[6] We find no manifest injustice mandating the withdrawal of the negotiated guilty plea.[7]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[1] See OCGA § 16-13-31 (h).

[2] See OCGA § 16-13-2 (b).

[3] (Citations omitted.) *Voils v. State*, 266 Ga. App. 738, 741 (2) (598 SE2d 33) (2004).

[4] See OCGA § 16-13-31 (e) (2).

[5] See, e.g., *Ranson v. State*, 198 Ga. App. 659, 662 (7) (402 SE2d 740) (1991).

[6] See *Johnson v. State*, 242 Ga. App. 89, 90 (1) (a) (528 SE2d 861) (2000).

[7] See *Bess v. State*, 235 Ga. App. 372, 373 (1) (508 SE2d 664) (1998).

DECIDED JULY 11, 2006.

*Michelle G. Harrison*, for appellant.

*David McDade*, District Attorney, *William H. McClain, Christopher R. Johnson*, Assistant District Attorneys, for appellee.