S07A0866. GANAWAY v. THE STATE.
(647 SE2d 590)

SEARS, Chief Justice.

In 2001, a Fulton County jury convicted Juahl Ganaway of felony murder and aggravated assault in connection with the stabbing death of Hugh G. Wells III. Ganaway appeals, arguing that the evidence presented at trial was insufficient to support the verdict and that the indictment did not allege, nor was the jury instructed, that the predicate felony of aggravated assault required a finding of intent to commit a violent injury. Finding no merit in these arguments, we affirm.[1]

---

[1] Ganaway's crimes occurred on the night of June 26, 1999. A Fulton County grand jury indicted Ganaway for malice murder, felony murder, and aggravated assault on August 31, 1999. A Fulton County jury acquitted Ganaway of the malice murder charge but convicted her of felony murder and aggravated assault on April 27, 2001. The trial court merged the

1. The evidence presented at trial would have enabled a rational trier of fact to find as follows. Ganaway and Wells met at work in December 1998 and dated for the next six months before breaking up. On June 26, 1999, following a failed attempt at reconciliation, Wells left Ganaway's apartment in Atlanta and descended the stairs to the parking lot to retrieve his vehicle. Ganaway ran down the stairs after him into the parking lot brandishing a nine-inch knife in her hand. A neighbor saw Ganaway and shouted for Wells to run, but Wells instead turned to face Ganaway. Wells did not strike Ganaway, pull a weapon on her, or yell at her.

When Wells turned to face her, Ganaway shrieked, "I told you," and stabbed at him several times with the knife. She made contact twice. The first blow sliced all the way through Wells's forearm. The second slashed his throat and severed his aorta before piercing his esophagus and puncturing his right lung. Witnesses saw Wells fall to the ground with blood streaming from his neck. One witness chased Ganaway back upstairs to her apartment but desisted when she turned on him and threatened to stab him too with the bloody knife in her hand. When the police arrived, they found Wells lying dead on the ground in a large pool of blood. The only items nearby were his keychain and a small pocket knife that was closed.

Following witnesses' directions and the trail of blood, the police made their way to Ganaway's apartment. They found her sitting on the couch in the living room talking on the telephone with the bloody knife lying on the coffee table in front of her. The apartment was in good order with the sole exception of a CD case lying on the floor. Ganaway resisted the officers' attempt to arrest her, claiming that she had done nothing wrong. She said that she and her ex-fiancé, Wells, had gotten into a fight at dinner; that he dropped her off at her apartment but returned later, banged on the door, and pushed himself in when she opened it a little; and that once he was in the apartment, he began beating her savagely, and a struggle ensued. Ganaway insisted she retrieved the knife from the kitchen solely to defend herself and then followed Wells out of the apartment, down the stairs, and into the parking lot where she stabbed him. After being placed in the patrol car, Ganaway stated that Wells was just playing a trick on her and would get up shortly. She then said, "I got him good. I stabbed him in the jugular vein." At trial, Ganaway claimed that she killed Wells in self-defense.

aggravated assault conviction into the felony murder conviction and sentenced Ganaway to life in prison on April 30, 2001. Ganaway filed a motion for new trial on May 24, 2001, which she amended on June 22, 2004. The trial court denied the motion on December 17, 2004, and Ganaway filed a timely notice of appeal. The case was docketed in this Court on February 27, 2007, and submitted for decision on the briefs.

Having reviewed the evidence in the light most favorable to the jury's verdict, we have no difficulty concluding that the evidence presented at trial was more than sufficient to enable a rational trier of fact to reject Ganaway's claim of self-defense and find her guilty beyond a reasonable doubt of the crimes for which she was convicted.[2]

2. Ganaway contends that the indictment failed to allege an element of the offense of aggravated assault — viz., intent to commit a violent injury — and that the trial court erred in failing to charge the jury that in order to convict her of aggravated assault, and thus felony murder, it must find that she acted with intent to commit a violent injury. However, intent to injure is not an element of the offense of aggravated assault with a deadly weapon.[3] As this Court recently explained:

> As to the aggravated assault, [the defendant] was charged with assaulting [the victim] with a deadly weapon, and the intent to injure is not an element of the charged offense. [Cit.] The crime of aggravated assault, as alleged, is established by the reasonable apprehension of harm by the victim of an assault by a [deadly weapon] rather than the assailant's intent to injure. [Cit.] All that is required is that the assailant intend to commit the act which in fact places another in reasonable apprehension of injury [or actually results in injury], not a specific intent to cause such apprehension [or injury]. [Cit.][4]

Accordingly, the indictment was not defective, and the trial court properly instructed the jury on the intent necessary to support a conviction for aggravated assault with a deadly weapon.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2007.

*Carl P. Greenberg*, for appellant.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] The statute reads as follows:
A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury.
OCGA § 16-5-21 (a) (2).

[4] *Smith v. State*, 280 Ga. 490, 491-492 (629 SE2d 816) (2006).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.