## A09A0349. WILLIAMS v. THE STATE.
(682 SE2d 586)

BARNES, Judge.

Kelvin Tyrone Williams, Jr., appeals his conviction for aggravated assault, contending that the trial court improperly denied his motion for new trial because the evidence was insufficient to sustain his conviction of aggravated assault. Finding no reversible error, we affirm.

---

On appeal from a criminal conviction, the evidence is reviewed in the light most favorable to the jury's verdict. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We review the trial court's denial of a motion for a new trial based upon alleged insufficiency of the evidence under the same standard. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

The record shows that Williams and the victim, his brother, were playing basketball at their home. After Williams told the victim he did not want to play anymore, the victim began talking about playing more basketball. Williams and the victim began arguing about basketball and got into a physical altercation. During this fight, Williams went into the kitchen and grabbed a knife. Williams came back into the room with the knife and walked toward the victim while the victim continued talking. Williams testified that he intended to scare the victim to make him stop talking. Williams dropped the knife. Then Williams and the victim got in a fist fight that resulted in Williams being thrown into the wall. A friend broke up the fight and the victim walked over and sat on the couch. When Williams picked up the knife a second time, the victim got off the couch and walked toward Williams. Williams then turned with the knife and tripped as the victim came toward him, resulting in the stabbing and death of the victim. The jury found Williams guilty of aggravated assault.

Williams argues the evidence is insufficient to establish the elements of aggravated assault because there is no indication of an intent to harm or a reasonable apprehension of harm by the victim. We disagree.

Aggravated assault is defined under OCGA § 16-5-21 (a) (2) as being a simple assault with the intent to commit certain specified crimes or "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in a serious bodily injury." A simple assault is defined under OCGA § 16-5-20 as requiring either an attempt to commit a violent injury or the commission of an act by placing the other in reasonable apprehension[1] of receiving a violent injury.

Whether a victim has been placed in reasonable apprehension of injury is a question of fact, which may be established by indirect or

---

[1] Reasonable apprehension of injury is not the same as fear. *Carter v. State*, 248 Ga. App. 139 (1) (546 SE2d 5) (2001); *Hicks v. State*, 211 Ga. App. 370, 373 (1) (439 SE2d 56) (1993).

circumstantial evidence. *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157) (1993). Evidence of intent to harm is not required to prove an aggravated assault. *Ganaway v. State*, 282 Ga. 297, 299 (2) (647 SE2d 590) (2007). The State need only establish that Williams placed the victim in reasonable apprehension of injury by a deadly weapon. Id. Although Williams argues the victim did not display a reasonable apprehension of injury, the evidence shows the victim was sitting down until he saw Williams approaching with the knife, and then he stood and fought with Williams. This evidence was sufficient for the jury to conclude that the victim was placed in apprehension of receiving an injury and was, therefore, sufficient to sustain Williams' conviction for aggravated assault. Furthermore, the mere "presence of a deadly weapon would normally place a victim in reasonable apprehension of being injured violently." (Punctuation and footnote omitted.) *Jackson v. State*, 251 Ga. App. 578, 579 (1) (554 SE2d 768) (2001). In this case, the presence of the knife in Williams' hand, coupled with the victim's actions after seeing the knife, are sufficient evidence from which the jury could determine that the victim was placed in reasonable apprehension of being injured violently. *Carter v. State*, 248 Ga. App. 139, 140 (546 SE2d 5) (2001).

Therefore, Williams' motion for a new trial based on insufficiency of the evidence was properly denied because the evidence was sufficient for the jury to find Williams guilty within the test established in *Jackson v. Virginia*, supra, 443 U. S. 307.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 25, 2009 —
RECONSIDERATION DENIED JULY 24, 2009 ▮▮▮▮▮▮

*C. Darrell Gossett, Michelle C. Hamilton*, for appellant.
*Stephen D. Kelley, District Attorney, Rocky L. Bridges, Assistant District Attorney*, for appellee.