## A09A2107. ALLEN v. THE STATE.
(690 SE2d 492)

PHIPPS, Judge.
Sean Garfield Allen appeals his convictions for aggravated battery, aggravated assault, and two counts of third degree cruelty to

---

children. He contends that the trial court erred by allowing the jury to hear the recording of the 911 call made in connection with the underlying incident, by rejecting his claim of ineffective assistance of counsel, and by failing to merge the aggravated battery and aggravated assault counts for sentencing purposes. We find merit only in Allen's merger contention. Accordingly, we affirm Allen's conviction with respect to the cruelty to children counts, vacate the sentences imposed for the aggravated battery and aggravated assault counts, and remand for resentencing on the aggravated battery count.

This case arose from an altercation between Allen and his wife's former husband. On August 19, 2005, the former husband brought his two children home after visitation. The children were then nine and eleven years old and lived with their mother and Allen. The state's evidence showed that, while concealing a golf club behind his back, Allen approached the former husband, who was standing at the end of the residential driveway. The state's evidence further showed that, after a brief discussion, Allen used the golf club to strike the man on his abdomen, then on his head. The man fell to the ground, bleeding profusely from his head. Allen got into his car and sped away. The two children, having witnessed Allen attack their father with the golf club, screamed for their mother, who called 911 for help.

The former husband had sustained a skull fracture and brain injury, which caused him to suffer, inter alia, severe communicative and cognitive impairment; significant physical impairment, including temporarily being unable to use one of his arms and having to re-learn how to walk; and ongoing, chronic seizures.

1. Allen contends that the trial court erred by allowing the jury to hear the recording made of the 911 call, arguing that the recording was not properly authenticated.

The state called as a witness the 911 operator who had taken the emergency call. She testified that she had listened to the recording before coming to court, that she had identified her voice therein, and that the recording was a fair and accurate representation of the call without any alterations or deletions.[1] The trial court did not abuse its discretion in allowing the recording to be heard by the jurors.[2]

2. Allen contends that the trial court erred by rejecting his claim of ineffective assistance of counsel. To prevail on an ineffectiveness claim, a defendant must establish, pursuant to *Strickland v. Wash-*

---

[1] See *Hudson v. State*, 273 Ga. 124, 126-127 (3) (538 SE2d 751) (2000) (an audiotape of a 911 call can be authenticated by the testimony of one who was a party to the conversation recorded on the tape).

[2] See *Brown v. State*, 274 Ga. App. 302, 303-304 (2) (617 SE2d 227) (2005) (applying abuse of discretion standard of review in considering whether audiotape was erroneously admitted for failure to authenticate it).

*ington*,[3] that counsel's performance was deficient and that the deficient performance was prejudicial to his defense.[4] Both the performance and the prejudice prongs of the ineffectiveness inquiry are mixed questions of law and fact.[5] In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review the trial court's legal conclusions de novo.[6]

(a) Allen asserts that his trial lawyer failed to communicate to him a plea offer from the state to serve five years in prison. At the motion for new trial hearing, Allen recounted that his trial lawyer had persisted: "We can win this." But Allen's trial lawyer gave a different account at the motion hearing. She testified that she had communicated the plea offer to Allen and that Allen had strongly rejected the offer, professing his innocence. "The trial court was authorized to believe counsel's testimony over [Allen's]."[7] Thus, Allen has demonstrated no deficient performance in connection with the plea offer.

(b) Allen argues that his trial lawyer performed deficiently by failing to inquire into his mental health during the trial. Allen points out that, immediately after his trial testimony, he stepped down from the witness stand and prayed aloud. The record shows that, when Allen did so, the defense had rested, and the jury had withdrawn from the courtroom. Allen asserts that his conduct was unusual and should have indicated to his lawyer that he was not competent to stand trial.[8]

"The burden is on the defendant to show that his attorney's omissions have prejudiced his case — here, that he ha[d] a mental condition that should have been investigated and offered as proof . . . of his incompetence to stand trial. . . ."[9] At the hearing on his motion

---

[3] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] *Conaway v. State*, 277 Ga. 422, 424 (2) (589 SE2d 108) (2003).

[5] *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000).

[6] Id. at 88.

[7] *McDaniel v. State*, 279 Ga. 801, 802 (2) (621 SE2d 424) (2005) (noting that trial court's factual findings and credibility determinations must be accepted unless they are clearly erroneous); *Lemming v. State*, 292 Ga. App. 138, 143 (2) (663 SE2d 375) (2008) (determining that appellant had failed to show ineffective assistance of counsel based upon alleged failure of trial counsel to communicate plea offer, where evidence at new trial hearing supported conclusion that plea offer was communicated to appellant).

[8] See *Biggs v. State*, 281 Ga. 627, 629 (3) (642 SE2d 74) (2007) (an accused who lacks the mental capacity to understand the nature and object of the proceedings around him, to consult with counsel, and to assist in preparing his defense, may not constitutionally be subjected to trial).

[9] *Jennings v. State*, 282 Ga. 679, 680 (2) (653 SE2d 17) (2007) (citation and punctuation omitted).

for new trial, Allen presented no "medical records, expert testimony, or other evidence of [any] diagnosis or treatment."[10] And while he has cited his conduct of stepping down from the witness stand and praying aloud, that conduct, without more,

> does not demonstrate that [his] sanity or competency was or should have been a significant issue at trial, and [he] did not offer any evidence at the hearing on his claim of ineffective assistance of trial counsel to support his assertion that his sanity or competency should have been raised as an issue at trial. Accordingly, we conclude that [Allen] has failed to carry his burden to prove the prejudice prong of his claim that trial counsel was ineffective. . . .[11]

3. Allen contends that the trial court should have merged for sentencing purposes the aggravated assault and aggravated battery offenses.

The count of the indictment charging Allen with aggravated assault alleged, in pertinent part, that Allen,

> with a golf club, an object which, when used offensively against a person, is likely to result in serious bodily injury, ma[d]e an assault upon the person of [the victim], by striking him in the chest and head with said object, in violation of OCGA [§] 16-5-21 (a) (2).

In charging aggravated battery, the indictment alleged, in pertinent part, that Allen,

> maliciously cause[d] bodily harm to another, to wit: [the victim], by depriving him of a member of his body, to wit: certain cognitive functions, including short term memory loss, long term memory loss, and his ability to concentrate, as well as his ability to speak clearly, all resulting from the skull fracture he sustained, in violation of OCGA § 16-5-24.

At issue here is whether the aggravated assault constituted a lesser included offense, as a matter of fact, of the aggravated battery. One may not be "convicted of more than one crime where one crime is included in another."[12] OCGA § 16-1-6 (1) states that a crime is "included in a crime charged in the indictment or accusation" when

---

[10] Id.

[11] Id. (citations omitted).

[12] *Bell v. State*, 284 Ga. 790, 792 (1) (671 SE2d 815) (2009), citing OCGA § 16-1-7 (a) (1).

"[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime]." In *Drinkard v. Walker*,[13] the Supreme Court of Georgia disapproved the "actual evidence" test for determining when one offense is included in another under OCGA § 16-1-6 (1) and adopted in its stead the "required evidence" test.[14] Accordingly, "where *the same act or transaction* constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each *provision requires* proof of a fact which the other does not."[15]

Applying this test to the circumstances of this case, we find that the aggravated assault was a lesser included offense of the aggravated battery. Although the aggravated battery statutory provision required proof that the victim was deprived of a member of his body,[16] which was not a required showing under the applicable aggravated assault provision,[17] the latter provision did not *require* proof of any fact that was not also required to prove the aggravated battery, as that offense could have been proved under the indictment in this case.[18]

Contesting merger, the state points out that, with respect to the aggravated assault count, it alleged in the indictment and adduced evidence at trial that Allen had inflicted *two* strikes upon the victim — whereas the aggravated battery count rested upon only the strike to the head and not upon the strike to the victim's chest. Notwithstanding these circumstances, however, the applicable aggravated assault provision did not *require* proof that, in addition to striking the victim's head, Allen struck the victim's chest.[19]

Because [OCGA § 16-5-21 (a) (2)] requires proof of only one

---

[13] 281 Ga. 211 (636 SE2d 530) (2006).

[14] Id. at 214.

[15] Id. at 215 (emphasis supplied).

[16] OCGA § 16-5-24 (a) (person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof).

[17] OCGA § 16-5-21 (a) (person commits the offense of aggravated assault when he or she assaults with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury).

[18] See *Johnson v. State*, 298 Ga. App. 639, 642 (1) (680 SE2d 675) (2009) (concluding that the aggravated assault count merged with rape count, based upon determination that, while the rape statute requires proof of carnal knowledge, which the aggravated assault statute does not, the applicable aggravated assault statute does not necessarily *require* proof of any fact that is not also included in proof of rape, as it could be proved under the indictment in this case without regard to the victim's apprehension).

[19] See *Lubiano v. State*, 192 Ga. App. 272, 273-274 (1) (a) (384 SE2d 410) (1989) (full concurrence as to Division 1) (evidence sufficient, where indictment alleged assault by feet and

act, inclusion in the indictment of more than one such act is mere surplusage, which is unnecessary to constitute the offense, need not be proved, and may be disregarded. Moreover, when an indictment alleges that an aggravated assault was committed by two means, the State need prove only one of the two acts constituting the crime of aggravated assault to sustain the conviction.[20]

Contrary to the state's position, there is no showing that the applicable aggravated assault "provision require[d] proof of a fact which the other d[id] not."[21] Thus, in this case, the "required evidence" test was not met.

The state indicted Allen for aggravated assault based upon his golf club attack upon the victim. The state proved that crime by showing that Allen inflicted "a series of [strikes] in quick succession."[22] The record demonstrates that Allen's conduct establishing the aggravated assault count — striking his wife's former husband with a golf club — was "the same act or transaction constitut[ing] a violation"[23] of the aggravated battery statutory provision — maliciously causing bodily harm to another.[24] Because the aggravated assault was therefore a lesser included offense of the aggravated battery, the trial court erred by not merging them for sentencing purposes.[25]

*Judgment affirmed in part and vacated in part, and case remanded with direction. Smith, P. J., and Bernes, J., concur.*

---

revolver, but evidence showed assault by feet only); see also *Brown v. State*, 242 Ga. App. 347, 348 (1) (529 SE2d 650) (2000).

[20] *Brown*, 242 Ga. App. at 348 (1) (citations and punctuation omitted).

[21] *Drinkard*, supra.

[22] *Montes v. State*, 262 Ga. 473, 474-475 (1) (421 SE2d 710) (1992) (disapproving case law that each of a series of shots fired in quick succession constitutes a "renewed assault"); see *Mack v. State*, 283 Ga. App. 172, 175-176 (3) (641 SE2d 194) (2007) (because there was no "ensuing interval" between the first act of pointing the gun at the victim's head and the subsequent act of lowering the gun's aim and shooting the victim's leg, court erred in not merging the aggravated assault count based upon pointing the gun at victim into the other aggravated assault count based upon shooting victim) (citing *Montes*, supra, for proposition that "acts taken in quick succession are part of the same assault").

[23] *Drinkard*, supra.

[24] See *Bell*, supra at 791-792 (concluding that the aggravated assault conviction was included in the malice murder conviction, where the same conduct of the defendant – beating the victim about the head and face with a tree limb – established the commission of both aggravated assault and malice murder, and as required under *Drinkard*, supra, the aggravated assault was established by proof of the same or less than all the facts that were required to prove the murder offense).

[25] *Bell*, supra; see *Banta v. State*, 281 Ga. 615, 618 (2) (642 SE2d 51) (2007) (noting that, depending upon attendant circumstances, it is possible for the act of striking another person with an object to meet the definitions of both the crimes of aggravated battery and aggravated assault, and in such circumstances, a defendant may be prosecuted for more than one crime, but the injustice that must be avoided is sentencing the defendant for more than one crime);

DECIDED FEBRUARY 1, 2010.

*Maurice G. Kenner*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Clint C. Malcolm, Assistant District Attorney*, for appellee.

*Johnson*, supra. Compare *Willingham v. State*, 281 Ga. 577, 579 (642 SE2d 43) (2007) (aggravated assault count did not merge into felony murder count, where aggravated assault count required showing of reasonable apprehension of receiving a violent injury).