## A11A0270. GRAVES v. THE STATE.
(710 SE2d 212)

McFADDEN, Judge.

Justin Marquis Graves appeals his convictions of aggravated assault and entering an automobile with the intent to commit a felony. He contends that the evidence does not support the convictions and that the trial court should have merged the convictions. We affirm because sufficient evidence supports the convictions, and they do not merge as one offense was complete before the other began.

The state charged Graves with committing aggravated assault upon Shepperd Bailey with a knife and with entering an automobile with the intent to commit a felony by entering Bailey's car with the intent of committing an aggravated assault. After a jury returned a guilty verdict on both counts, the trial court sentenced Graves to ten years, four to serve in confinement and six on probation. The court denied Graves' motion for new trial, and he filed this appeal.

When reviewing a challenge to the sufficiency of the evidence

used to support a conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Viewed in this light, the evidence shows that on November 16, 2007, Shepperd Bailey entered his car after having dinner with his girlfriend. He locked the doors, then saw something out of the corner of his eye. He turned and saw Graves, his girlfriend's roommate, trying to open the rear driver's side door. Unable to open the locked door, Graves walked to the driver's side window. Bailey saw a knife in Graves' right hand.

Through the closed car window, Bailey asked Graves why he had a knife. Graves "kind of chuckled and kind of blew it off," then put the knife in the waist of his sweat pants and pulled his sweatshirt over it. Graves asked Bailey to talk, so Bailey got out of the car.

Graves told Bailey that the girlfriend was his best friend, and that he did not want to see her hurt. When they had finished talking and Bailey was about to re-enter his car, Graves grabbed Bailey around the neck from behind, as if he were going to put Bailey in a choke hold. Bailey broke free, and Graves left the area.

While Bailey was deciding what to do, Graves returned. Bailey then saw him quickly coming toward him while holding the knife. Graves was encouraging Bailey to "come on." Frightened, Bailey ran to the other side of the parking lot. Graves again walked away.

Bailey returned to his car, got back in, closed the door and locked it, and called 911. Graves returned to Bailey's car for the last time, still holding the knife. Bailey began backing up the car. Graves tried to open the door and then leapt onto the hood. Bailey backed into an embankment, where the car became stuck. Graves rolled off the hood and stabbed the side-view mirror, breaking it off. Graves then began kneeing the driver's side window. Bailey slid over to the passenger's side, and Graves began kneeing the passenger's side window. Bailey slid back to the driver's side. Graves succeeded in breaking the passenger's side window and jumped into the car with the knife. Bailey managed to escape, and Graves ran from the scene.

OCGA § 16-5-20 (a) (1), (2) defines "simple assault" as when a person "[a]ttempts to commit a violent injury to the person of another; or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." Under

OCGA § 16-5-21 (a) (2),

> [a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . .

The evidence supports the aggravated assault conviction. Graves quickly approached Bailey while holding a knife, after already having confronted him once, urging Bailey to "come on" and causing Bailey to fear for his safety and run away. See *Williams v. State*, 299 Ga. App. 345, 347 (682 SE2d 586) (2009) ("State need only establish that [defendant] placed the victim in reasonable apprehension of injury by a deadly weapon," and "the mere 'presence of a deadly weapon would normally place a victim in a reasonable apprehension of being injured violently.' ") (citation omitted).

Under OCGA § 16-8-18, it is a felony to enter an automobile with the intent to commit a felony. The evidence that Graves broke the car's window, jumped into the car while holding the knife, and caused Bailey to flee, was sufficient for a rational trier of fact to find Graves guilty beyond a reasonable doubt of entering an automobile with the intent to commit a felony. See *Jackson v. Virginia*, supra.

2. Graves argues that his convictions merge. A defendant may not be convicted of more than one crime if one crime is included in the other. See OCGA § 16-1-7 (a). In determining whether one crime is included in another, we apply the "required evidence" test:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

(Citation and punctuation omitted.) *Drinkard v. Walker*, 281 Ga. 211, 216 (636 SE2d 530) (2006).

Graves argues that, given the distance between himself and Bailey while they were in the parking lot, he could not have used his knife offensively, and this portion of their encounter does not support the aggravated assault conviction. Consequently, he argues, the only possible aggravated assault occurred when Graves entered the car with the knife, and therefore the aggravated assault and entering an automobile convictions merged.

But as noted above, the evidence that Graves quickly approached Bailey while holding a knife, urging Bailey to "come on" and causing

Bailey to fear for his safety and run away, supports the aggravated assault conviction. Graves entered Bailey's automobile after he had completed the aggravated assault. "[I]f one crime is complete before the other takes place, the two crimes do not merge." (Punctuation omitted.) *Reeves v. State*, 233 Ga. App. 802, 805 (2) (505 SE2d 540) (1998). Because these were separate, complete crimes that required proof of different facts, the trial court did not err in failing to merge them. See *Lavigne v. State*, 299 Ga. App. 712, 714 (2) (683 SE2d 656) (2009).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED APRIL 12, 2011.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Robby A. King, Assistant District Attorney*, for appellee.