## A11A2373. BROWN v. THE STATE.

(723 SE2d 115)

PHIPPS, Presiding Judge.

After a nonjury trial, Yohanne Brown was convicted of aggravated assault and possession of a knife during the commission of a felony. He appeals, challenging the sufficiency of the evidence to support the convictions. Because the state did not present sufficient evidence of possession of a knife during the commission of a felony, that conviction must be reversed. For the reasons that follow, however, we affirm the conviction for aggravated assault.

> Upon a finding of guilt following a bench trial, the presumption of innocence no longer applies, and on appeal, the appellate court construes the evidence in favor of the judge's findings of fact. The appellate court does not weigh the evidence or determine witness credibility but merely determines the sufficiency of the evidence.[1]

Construed in favor of the trial judge's findings of facts, the evidence showed that on September 13, 2010 Brown was at a bar and became involved in a verbal altercation with another bar patron. Brown was drinking heavily, "yelling and screaming," and the bar manager asked him to leave. Brown left, but threatened to return. When Brown came back about ten to twenty minutes later, the manager saw him reach into his back pocket and retrieve a folding knife. The manager testified, "I thought he was gonna stick me." The manager again asked Brown to leave, but Brown refused and threatened to "get" the other patron. When Brown lunged toward the patron, the manager wrestled Brown for the knife. During the struggle with Brown, the manager received a cut on his finger.

1. Brown contends that the evidence was insufficient to sustain his conviction for aggravated assault because there was no evidence that he committed an assault with a deadly weapon. Brown argues that because the blade of the folding knife was not exposed at the time of his initial encounter with the manager and because he did not intend to harm the manager, the evidence was insufficient to establish an aggravated assault.

OCGA § 16-5-20 (a) (1), (2) defines "simple assault" as when a person "[a]ttempts to commit a violent injury to the person of another; or . . . [c]ommits an act which places another in reasonable

---

[1] *Placanica v. State*, 303 Ga. App. 302 (693 SE2d 571) (2010) (punctuation and footnote omitted).

apprehension of immediately receiving a violent injury." Under OCGA § 16-5-21 (a) (2),

> [a] person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . .

The aggravated assault charge against Brown alleged that he "did make an assault upon the person of [the manager] with a deadly weapon, to wit: a knife, by pulling out a knife and attempting to cut [the manager]. . . ." The indictment thus charged Brown with aggravated assault by committing two acts (by pulling out a knife and by attempting to cut),[2] but

> [b]ecause the statute requires proof of only one act . . . , inclusion in the indictment of more than one such act is mere surplusage, which is unnecessary to constitute the offense, need not be proved, and may be disregarded. Moreover, when an indictment alleges that an aggravated assault was committed by two means, the [s]tate need prove only one of the two acts constituting the crime of aggravated assault to sustain the conviction.[3]

"[I]f the victim is in reasonable apprehension of an immediate violent injury from a weapon, an aggravated assault has occurred."[4] "Whether a victim has been placed in reasonable apprehension of injury is a question of fact. . . ."[5] Evidence of intent to injure is not required to prove an aggravated assault.[6] We have held that evidence of a closed knife was sufficient to show the requisite force to sustain a conviction for armed robbery where the victim testified that she was afraid.[7] Indeed, "[t]he mere presence of a deadly weapon would normally place a victim in reasonable apprehension of being injured violently."[8]

In this case, the evidence was sufficient for the trial court to find that when Brown retrieved the knife and the manager saw it, Brown

---

2 See *Brown v. State*, 242 Ga. App. 347, 348 (1) (529 SE2d 650) (2000).

3 Id. (citations and punctuation omitted).

4 *Carter v. State*, 248 Ga. App. 139 (1) (546 SE2d 5) (2001) (citation omitted).

5 *Williams v. State*, 299 Ga. App. 345, 346-347 (682 SE2d 586) (2009) (citation omitted).

6 See *Ganaway v. State*, 282 Ga. 297, 299 (2) (647 SE2d 590) (2007).

7 *Alford v. State*, 204 Ga. App. 14, 15 (418 SE2d 397) (1992).

8 *Williams,* supra at 347 (citation and punctuation omitted).

had committed an act which placed the manager in reasonable apprehension of immediately receiving a violent injury.[9] After being involved in a verbal altercation with another bar patron the manager asked Brown to leave, and Brown left, but returned shortly thereafter with a knife. He was again asked to leave, but refused to comply. The manager saw Brown reach into his back pocket and retrieve a knife, and he thought he would be cut. Brown lunged toward the other patron, and the manager, who wrestled with Brown for the knife, was injured.

Notably, as it concerns the allegation in the indictment that Brown attempted to cut the manager,

> [w]hen an unintended victim . . . is subjected to harm due to an unlawful act intentionally aimed at someone else . . . , the law prevents the actor from taking advantage of his own misdirected wrongful conduct and transfers the original intent from the one against whom it was intended to the one who suffered harm.[10]

Thus, Brown's attempt to harm the bar patron was transferred to the manager who was injured. Therefore, the evidence was sufficient to support the trial court's determination that Brown committed the offense of aggravated assault.[11]

2. The state concedes that the evidence was insufficient to convict Brown of possession of a knife during the commission of a felony based upon the length of the blade of the knife. Indeed, the length of the knife's blade was less than three inches long. OCGA § 16-11-106 (b) (1) pertinently provides:

> (b) Any person who shall have on or within arm's reach of his or her person a . . . knife having a blade of three or more inches in length during the commission of, or the attempt to commit: (1) [a]ny crime against or involving the person of another; . . . and which crime is a felony, commits a felony. . . .

Thus, the conviction for possession of a knife during the commission of a felony must be reversed.

*Judgment affirmed in part and reversed in part. Andrews and McFadden, JJ., concur.*

---

[9] See *Carter*, supra at 139-140 (1).

[10] *Culler v. State*, 277 Ga. 717, 720 (4) (594 SE2d 631) (2004) (footnote omitted).

[11] Id.; *Carter*, supra; *Williams*, supra at 346-347; *Brown*, supra; *Alford*, supra.

DECIDED FEBRUARY 3, 2012.

*Kevin Armstrong*, for appellant.

*Gregory W. Edwards, District Attorney, Matthew Breedon, Assistant District Attorney*, for appellee.