**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY and SELF, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 22, 2018**

# In the Court of Appeals of Georgia

A17A1964. EVANS v. THE STATE.

RAY, Judge.

After a jury trial, Tyson Danrail Evans was convicted of one count each of aggravated assault, aggravated battery, possession of a firearm during the commission of a felony, discharge of a firearm on the property of another, and possession of a firearm by a convicted felon. He appeals from his conviction and the denial of his motion for new trial, arguing that the trial court erred by failing to merge his aggravated battery and aggravated assault convictions for the purposes of sentencing, and that the trial court impermissibly expanded the jury charge on aggravated assault. For the following reasons, we vacate Evans' conviction for aggravated assault and remand the case for re-sentencing.

Viewed in the light most favorable to the verdict,[1] the evidence shows that Evans was at a house party when an argument broke out between himself, Vickie Evans (Evans' mother), and Wayne Holland. Albert Dye, Hollard's nephew, went over to his uncle and tried to usher him out of the house to take him home. The altercation turned physical when Evans' mother moved to block Holland from leaving and began to push Dye and slap him around the face to prevent them from leaving. In order to keep her from slapping him, Dye caught Evans' mother's arms and pushed her aside.

Evans, who was in another area in the living room, stood up and drew a black handgun from his front waistband. From about six feet away, Evans fired at Dye and Holland. The first bullet hit some furniture. Holland fell to the floor and dragged Dye down with him. Evans then ran over and "straddled" both Holland and Dye as they lay on the floor. Evans then fired again, striking Dye. Evans continued to pull the trigger of his handgun as it was pointed at Dye, but the handgun did not go off and Evans slapped at the upper slide of the handgun in an attempt to chamber another round. Evans fired at least one additional round, but it did not strike anyone. As

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

Evans stood over Dye pulling the trigger, Evans' mother shouted "Kill him, Tyson!," and beat Dye with a barstool. Evans then fled the house.

Emergency responders soon arrived on the scene. At the hospital, it was determined that Dye had suffered liver damage, a collapsed lung, extensive damage to his eyes and three broken ribs.

Evans was convicted of, inter alia, aggravated battery and aggravated assault. He was sentenced, inter alia, to twenty years in confinement on the aggravated battery charge and twenty years in confinement on the aggravated assault charge, to be served consecutively.

1. Evans argues that the trial court erred by failing to merge his aggravated assault and aggravated battery convictions for the purposes of sentencing. We agree.

The count of the indictment charging Evans with aggravated assault alleged, in pertinent part, that Evans "did make an assault upon the person of Albert Dye with a deadly weapon, to wit: a handgun by shooting said victim[.]" In charging aggravated battery, the indictment alleged, in pertinent part, that Evans "did maliciously cause bodily harm to Albert Dye by seriously disfiguring said person's body by shooting him in the abdomen[.]"

At issue in the instant case is whether the aggravated assault constituted a lesser included offense, as a matter of fact, of the aggravated battery. A defendant may not be "convicted of more than one crime where one crime is included in another." (Punctuation and footnote omitted.) *Allen v. State*, 302 Ga. App. 190, 193 (3) (690 SE2d 492) (2010). OCGA § 16-1-6 (1) provides that a crime is "included in a crime charged in the indictment or accusation" when "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of [the other crime]." Our Supreme Court has held that

> [t]he test for determining whether one crime is included in another, and therefore merges as a matter of fact, is the 'required evidence' test – whether conviction for one of the offenses is established by proof of the same or less than all the facts required to establish the other crime.

(Citation omitted.) *Jeffrey v. State*, 296 Ga. 713, 717 (3) (770 SE2d 585) (2015).

Applying this test to the indictments in this case, we find that the aggravated assault conviction is a lesser included offense of the aggravated battery conviction. Although the aggravated battery statutory provision required proof that the victim had his body seriously disfigured,[2] which was not a required showing under the applicable

---

[2] OCGA § 16-5-24 (a) ("A person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of

4

aggravated assault provision,[3] "the latter provision did not *require* proof of any fact that was not also required to prove the aggravated battery, as that offense could have been proved under the indictment in this case." (Footnote omitted; emphasis in original.) *Allen*, supra (finding that the aggravated assault was a lesser included offense of the aggravated battery when both offenses arose from the same incident where the defendant struck the victim with a golf club). See also *Adkins v. State*, 301 Ga. 153, 160-161 (4) (800 SE2d 341) (2017) (aggravated assault with a deadly weapon conviction and aggravated assault by discharging a weapon from a moving vehicle conviction merged; there was no element of aggravated assault with a deadly weapon that was not contained in aggravated assault by discharging a weapon from a moving vehicle). The conviction and sentence for aggravated assault must therefore be vacated and the case remanded to the trial court for re-sentencing.

_____

a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof").

[3] OCGA § 16-5-21 (a) (2) ("A person commits the offense of aggravated assault when he or she assaults. . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury).

2. Evans argues that the trial court impermissibly expanded the jury charge on aggravated assault. However, this enumeration is rendered moot by our holding in Division 1.

*Judgment vacated in part and case remanded. Dillard, C. J., and Self, J., concur.*