### A03A1153. FLOYD v. THE STATE.
(587 SE2d 166)

ANDREWS, Presiding Judge.

Albert Paul Floyd, Jr. was found guilty by a jury of operating a motor vehicle after receiving notice that his license had been revoked as a habitual violator; driving a motor vehicle under the influence of alcohol; and driving a motor vehicle under the influence of alcohol while transporting a child under the age of 14 years in the vehicle. On appeal, Floyd does not contest the sufficiency of the evidence to support his convictions, but contends: (1) that the trial court improperly expressed an opinion about him; (2) that the State violated his Equal Protection Clause rights by striking African-American potential jurors from the jury panel on the basis of race; and (3) that his trial counsel was ineffective. We find no error and affirm the judgment of conviction.

1. We find nothing in the record to support Floyd's contention that the trial court violated OCGA § 17-8-57 by improperly expressing an opinion to the jury that he was a criminal or was guilty of the charged offenses. In response to questions posed by the jury during deliberations, the trial court recharged the jury that a criminal defendant is presumed innocent until proven guilty and that the State has the burden to prove the defendant's guilt beyond a reasonable doubt. In giving the recharge, the trial court inadvertently stated that the rule is "true of all criminals who come into criminal court." The trial court immediately corrected itself to the jury, stated that it used the wrong word, and said it meant "all defendants who come into criminal court." There was no error.

2. Floyd claims the trial court erred by rejecting his claim under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), that the State violated his Equal Protection Clause rights by exercising its peremptory strikes during jury selection to intentionally exclude African-Americans from the jury on the basis of race.[1]

A *Batson* challenge initiates a three-step process requiring first that the party challenging the strikes establish a prima

---

[1] For the purpose of addressing Floyd's *Batson* claim, we will assume he is African-American, although we can find nothing in the record to establish this essential element of his claim.

facie inference that the strikes were exercised with racially discriminatory intent. If a prima facie case of racial discrimination is established, under the second and third steps, the burden of production shifts to the proponent of the strikes to give race-neutral reasons for the strikes, and the trial court then considers the reasons given and decides whether the challenger has proven discriminatory intent. During this process, the burden of persuasion as to discriminatory intent does not shift from and remains with the challenger.

*Griffeth v. State*, 224 Ga. App. 462, 463 (480 SE2d 889) (1997). The trial court determined that Floyd had established a prima facie case of racial discrimination and required that the State explain why it struck three African-American potential jurors. The prosecutor explained that he struck the first juror at issue because the juror knew Floyd; the second juror because the juror was unemployed; and the third juror because the juror was related to one defendant previously prosecuted by his office and was friends with or knew other defendants prosecuted by his office.

The State gave clear and reasonably specific explanations for the strikes based on factors other than race and satisfied the requirement to give race-neutral reasons. *Griffeth*, supra. Accordingly, the trial court did not err by finding there was no racial discrimination and by denying the *Batson* claim. Id.

3. Floyd makes various claims that his trial counsel was ineffective. To obtain a reversal on an ineffective assistance of counsel claim, the defendant has the burden of proving that counsel's performance was deficient and that the deficiency was so prejudicial there was a reasonable probability the outcome of the trial would have been different but for the deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court must apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment, and the court's conclusion that the defendant was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous. Id.; *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985); *Williams v. State*, 214 Ga. App. 106 (446 SE2d 789) (1994).

Floyd claims trial counsel failed to file a speedy trial demand and that, because of this failure, a defense witness who could have corroborated his testimony that he was not driving the car died before the time of trial. Defense counsel testified at the motion for new trial hearing that Floyd refused to identify the witness until about a week before the trial, at which time he was informed the witness had already died. Defense counsel testified that there was no reason to expedite the trial while the witness remained unidentified

and Floyd's father was attempting to get Floyd to identify the witness. The trial court did not err by concluding that counsel was not deficient.

Floyd claims defense counsel failed to interview and call his wife as a witness in the case. Floyd's wife testified at the new trial hearing that defense counsel never spoke to her prior to the day of trial, and that she was a passenger in the car on the night Floyd was arrested and could have testified at trial to confirm her husband's testimony that he was not the driver. Defense counsel testified that he interviewed Floyd's wife prior to trial and on the day of trial and was aware of her potential testimony. He testified that, given what he believed would be limited credibility afforded her testimony on behalf of her husband, he made a strategic decision not to call her to preserve the right to opening and closing argument. We find no error in the trial court's determination that this was a reasonable strategic decision and that counsel was not deficient.

Finally, we find no support for Floyd's general claim that defense counsel was ineffective because he failed to "zealously" represent him. The record shows defense counsel adequately prepared for and presented Floyd's case to the jury.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED AUGUST 28, 2003.

*Farnham & Rothenberg, David J. Farnham*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Bryan H. Frost, Assistant District Attorney*, for appellee.