## A03A1796. LLOYD v. THE STATE.
### (587 SE2d 372)

BLACKBURN, Presiding Judge.

Following a jury trial, Gary Lloyd, Jr. appeals his convictions for rape and child molestation, contending that: (1) he was improperly precluded from presenting an alibi defense because the indictment failed to state the specific date on which the crime occurred; (2) the trial court erred by restricting his cross-examination of the victim regarding her past sexual history pursuant to Georgia's Rape Shield Statute, OCGA § 24-2-3; (3) the State's closing argument was improperly made; (4) the trial court erred by instructing the jury on the law of voluntary intoxication; and (5) trial counsel rendered ineffective assistance. For the reasons set forth below, we affirm.

As an initial matter, Lloyd does not contest the sufficiency of the

evidence. Viewed in the light most favorable to the verdict, the record shows that, late one evening in early July 2001, Lloyd went to the thirteen-year-old female victim's home. Lloyd, who was the best friend of the victim's oldest brother, often spent the night there and was generally considered a member of the family. On the night in question, Lloyd acted as if he were under the influence of drugs or alcohol, and his eyes were red. In the middle of the night, while the rest of the family was sleeping, Lloyd snuck into the victim's room and raped her. The next morning, the victim's mother found Lloyd passed out in the bathtub. The victim described the rape in detail at trial and specifically identified Lloyd as her assailant. This evidence was sufficient to support the verdict. See *Jackson v. Virginia*.[1]

1. Lloyd contends that, because the indictment failed to allege an exact date on which the rape and molestation occurred, he was precluded from presenting his sole defense of alibi and must be granted a new trial. This enumeration is patently erroneous.

Lloyd was indicted for raping and molesting the victim "between the 1st day of July, 2001 and the 31st day of August, 2001, the exact date being unknown to the members of the Grand Jury." Lloyd now contends that, because the indictment failed to allege that the crimes occurred on one specific date, he was effectively prevented from asserting an alibi defense.

> It is well established that where the exact date is not stated as a material allegation of the time of commission of the offense in the indictment, it may be proved as of any time within the statute of limitations. An exception exists where the evidence of the state proving that the offense was committed *at a time substantially different from that alleged in the indictment* surprises and prejudices the defense in that it deprives the defendant of a defense of alibi or otherwise denies him his right to a fair trial.

*Frazier v. State*.[2] In this case, Lloyd's "ability to present a defense was not materially affected when the indictment charged the date of [rape and] child molestation as between [July 1, 2001, and August 31, 2001], and the evidence showed that acts of molestation occurred between such dates." (Punctuation omitted.) Id. at 630 (2).

Moreover, contrary to his position on appeal, Lloyd chose not to pursue an alibi defense in the proceedings below, and, as such, cannot now claim that the lack of a specific date in the indictment precipitated an unfair trial.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Frazier v. State*, 252 Ga. App. 627, 629 (2) (557 SE2d 12) (2001).

[Lloyd] offered no alibi evidence [below], nor did he at any time request a continuance on the ground of surprise, nor did he otherwise express a need for additional time to rebut any evidence presented by the state. Consequently, it does not appear that the failure to allege the specific date of the offense in the indictment materially affected his ability to present a defense.

(Punctuation omitted.) *Hutton v. State.*[3]

2. Lloyd contends that the trial court erred by restricting his cross-examination of the victim regarding her past sexual history pursuant to Georgia's Rape Shield Statute, OCGA § 24-2-3. Specifically, Lloyd argues that he should have been allowed to present evidence that the victim had the motive to fabricate her claim of rape in order to prevent her parents from knowing that she had become sexually active. This issue has been considered previously by this Court and decided adversely to Lloyd's claims.

> The Rape Shield Statute bars the admission of evidence relating to the victim's past sexual behavior unless it directly involves the accused's participation and supports an inference that the accused could have reasonably believed that the victim consented to the conduct at issue. *Griffin v. State;*[4] OCGA § 24-2-3 (b). The evidence may also be admitted on a finding that it "is so highly material that it will substantially support a conclusion that the accused reasonably believed that the complaining witness consented to the conduct complained of and that justice mandates the admission of such evidence." OCGA § 24-2-3 (c) (2); *Brown v. State.*[5] We review the trial court's exclusion of [such] evidence for abuse of discretion. *Hicks v. State.*[6]

*Davis v. State.*[7]

The trial court did not abuse its discretion here, as this case is controlled by *Green v. State.*[8] In *Green*, the defendant contended that he should have been allowed to introduce evidence that the victim had falsely accused him of rape because she was afraid that she was

---

[3] *Hutton v. State*, 192 Ga. App. 239, 241 (4) (384 SE2d 446) (1989).
[4] *Griffin v. State*, 224 Ga. App. 225, 227-228 (2) (480 SE2d 608) (1997).
[5] *Brown v. State*, 214 Ga. App. 676, 677 (2) (448 SE2d 723) (1994).
[6] *Hicks v. State*, 222 Ga. App. 828, 829 (1) (476 SE2d 101) (1996).
[7] *Davis v. State*, 235 Ga. App. 362, 363 (1) (509 SE2d 655) (1998).
[8] *Green v. State*, 221 Ga. App. 436, 437 (472 SE2d 1) (1996).

pregnant and did not want her parents to know that she was sexually active. We held:

> Green's contention that the evidence should have been admitted contravenes not only the letter of the Rape Shield Statute, but the spirit of it as well. The evidence Green sought to introduce is precisely the type of irrelevant, prejudicial evidence the statute is intended to exclude. Obviously, evidence that the 13-year-old victim had engaged in sexual activity with other males might inflame or impassion the jury. As for relevance, the evidence Green sought to introduce would have done little, if anything, to support his theory that the witness made false accusations in order to explain a pregnancy. . . . Thorough cross-examination is a principal means of ascertaining the truth, but a witness has a right to be examined only as to relevant matter and to be protected from improper questions. [See] OCGA § 24-9-62. The evidence was properly excluded. We point out that to allow the introduction of evidence of a witness' past sexual behavior for the purpose of showing that she may have been pregnant at the time the allegations were made and may have therefore made up the charges in an effort to justify or explain the pregnancy, would be to permit defendants to circumvent the Rape Shield Statute and thwart the intent of the legislature in enacting the statute. We cannot allow such a result.

(Citations and punctuation omitted.) Id. at 437.

For all of the reasons stated in *Green*, the trial court properly prevented Lloyd from questioning the victim's past sexual conduct in this case.

3. Lloyd contends that the State's closing argument was improper, arguing that the State inappropriately made a "golden rule" argument and inappropriately commented on his failure to call witnesses or present a defense.

Lloyd, however, did not object to the State's closing argument at any time. Accordingly, he has waived his right to make these arguments on appeal, and this enumeration lacks merit. See *Carr v. State*;[9] *Cloud v. State*.[10]

4. Lloyd contends that the trial court erred by charging the jury on the law of voluntary intoxication, contending that the evidence did not support the charge. Again, we disagree.

---

[9] *Carr v. State*, 275 Ga. 185, 186 (2) (563 SE2d 850) (2002).
[10] *Cloud v. State*, 235 Ga. App. 721, 722-723 (4) (510 SE2d 370) (1998).

"Where there is any evidence, however slight, upon a particular point, it is not error to charge the law in relation to that issue." (Punctuation omitted.) *Griffin v. State*.[11] In this case, there was clear evidence that, on the night that Lloyd stayed at the victim's home, he was impaired. There was testimony that Lloyd was acting strangely and that he passed out in the bathtub and urinated on himself. Under these circumstances, the trial court did not err by giving an instruction on voluntary intoxication. Moreover, even if the charge was erroneously given, the defendant has not shown that he was either harmed or prejudiced as a result. See *Thurston v. State*[12] (charge on intoxication not harmful error even where no evidence supported the charge). See also *Pickstock v. State*.[13] Therefore, this enumeration lacks merit.

5. Lloyd contends, in a single compound enumeration of error, that his trial counsel rendered ineffective assistance of counsel by: (a) failing to adequately prepare for trial and (b) failing to object to the State's closing argument. In his appellate brief, however, Lloyd addresses only his contention regarding inadequate preparation for trial. As such, he has waived his argument regarding his trial counsel's failure to object to closing argument for the purposes of this appeal. See Court of Appeals Rule 27.

> To prevail on a claim of ineffective assistance of trial counsel, [Lloyd] bears the burden of showing that counsel was deficient and that, but for the deficiency, there was a reasonable probability that the outcome of his trial would have been different. [*Strickland v. Washington*.][14] A failure to make either of these showings is fatal to an ineffectiveness claim. [Id.] Furthermore, there is a strong presumption that trial counsel provided effective representation, [*Smith v. Gaither*;[15] *Dewberry v. State*,][16] and we will not use hindsight to judge counsel's reasonable trial strategy and tactics.

(Footnotes omitted.) *Braithwaite v. State*.[17]

(a) Lloyd contends that his trial counsel failed to adequately prepare for trial. The record, however, shows otherwise.

As an initial matter, we must point out that "[t]here exists no specifi[ed] amount of time which a . . . counsel must spend in . . .

[11] *Griffin v. State*, 241 Ga. App. 783, 786 (4) (d) (527 SE2d 577) (2000).
[12] *Thurston v. State*, 186 Ga. App. 881, 882 (2) (368 SE2d 822) (1988).
[13] *Pickstock v. State*, 235 Ga. App. 451, 453 (3) (509 SE2d 717) (1998).
[14] *Strickland v. Washington*, 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984).
[15] *Smith v. Gaither*, 274 Ga. 39 (549 SE2d 351) (2001).
[16] *Dewberry v. State*, 271 Ga. 624 (523 SE2d 26) (1999).
[17] *Braithwaite v. State*, 275 Ga. 884, 885 (2) (b) (572 SE2d 612) (2002).

preparation [for trial]; each situation must be judged upon its own circumstances [and] in light of its own degree of complexity." *Carl v. State.*[18] There was no total failure of trial preparation in the case at bar.

Lloyd's trial counsel, who had 30 years of experience, met with Lloyd on several occasions to discuss his case. In addition, his trial counsel employed an investigator, who interviewed potential witnesses and relayed additional information about the case to trial counsel. Accordingly, the evidence supports the trial court's determination that Lloyd's trial counsel was adequately prepared in this case.

(b) Even if Lloyd had preserved his errors regarding trial counsel's failure to object to the State's closing argument, his contentions would fail. See *Braithwaite,* supra; *Jenkins v. State.*[19] Moreover, Lloyd's trial counsel testified that he chose not to object to the State's closing argument for strategic reasons. Id.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED SEPTEMBER 5, 2003 —
RECONSIDERATION DENIED SEPTEMBER 17, 2003 — 

*Dwight L. Thomas, Caprice R. Jenerson,* for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.

---

[18] *Carl v. State,* 234 Ga. App. 61, 64-65 (2) (f) (506 SE2d 207) (1998).
[19] *Jenkins v. State,* 268 Ga. 468, 472 (6) (491 SE2d 54) (1997).