A06A1735. JENKINS v. THE STATE.
(637 SE2d 785)

ADAMS, Judge.

Darrell Jerome Jenkins was tried by a jury and convicted of possession of cocaine and possession of less than one ounce of marijuana. On his amended motion for new trial and on appeal, he contends that he received ineffective assistance of counsel. He contends his trial counsel failed to file a motion for speedy trial and failed to seek dismissal based upon the denial of his right to a speedy trial. The trial court denied the amended motion for new trial, and we affirm.

In order to establish ineffectiveness of trial counsel,

> appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. . . . In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

Jenkins was indicted on July 6, 2001. At the hearing on the motion for new trial, Jenkins's trial attorney testified that the first time he became aware that Jenkins desired a speedy trial was in January 2002, more than two terms of court after the indictment, and a statutory demand would have been untimely. He also testified that in his professional opinion, making a speedy trial request would have

been a bad tactic. He explained that the State had a strong case and that the best chance that Jenkins had was if the State's case fell apart over time.

The Supreme Court has noted that "[d]elay often works to a defendant's advantage." (Citation omitted.) *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001). Furthermore, "[t]he decision to file a speedy trial demand is usually tactical in nature, and with regard to trial strategy, effectiveness should not be evaluated in hindsight." (Footnote omitted.) *Napier v. State*, 276 Ga. 769, 776 (8) (583 SE2d 825) (2003). See also *Leaptrot v. State*, 272 Ga. App. 587, 593 (2) (c) (612 SE2d 887) (2005) (attorney not ineffective when he strongly urged against filing speedy trial demand as a matter of trial strategy despite defendant's repeated demands). We find no clear error in the trial court's decision that Jenkins received effective assistance of counsel. See also *Floyd v. State*, 263 Ga. App. 3, 4 (3) (587 SE2d 166) (2003).

The case upon which Jenkins relies is inapposite. *Crawford v. Thompson*, 278 Ga. 517 (603 SE2d 259) (2004), deals with a failure to follow the correct procedure for enforcing a speedy trial demand, not the tactical decision of whether to file such a demand.

Jenkins's second enumeration of error — that his counsel was ineffective by failing to seek a dismissal under his constitutional right to a speedy trial — has been waived because this argument was not raised in the amended motion for new trial nor at the hearing. "[C]ontentions of ineffectiveness not raised on motion for new trial by counsel appointed . . . after conviction are waived. [Cit.]" *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 20, 2006.

*Charles E. Day*, for appellant.
*W. Kendall Wynne, Jr., District Attorney*, for appellee.