## A07A0958. JONES v. THE STATE.
### (645 SE2d 569)

BLACKBURN, Presiding Judge.

Following a jury trial, Robert Jones was convicted on one count of aggravated assault[1] and one count of possession of a firearm during the commission of a crime.[2] He appeals his conviction and the denial of his motion for new trial, arguing that he should be granted a new trial because he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in a light most favorable to the verdict, *Davis v. State*,[3] the record shows that in September 1996, Raleigh Head and Ralphie Jones (the brother of Robert Jones) were playing in a pickup basketball game on the basketball court of the apartment complex where they both lived. At the game's conclusion, Head and Ralphie began arguing. As the argument escalated, Ralphie attempted to start a fight with Head, but Head left the court and returned to his apartment. Several minutes later, Head was informed by one of Ralphie's friends that Robert Jones wanted to talk to him. Head agreed and went outside to meet Robert in front of Robert's apartment. During their conversation, Robert demanded that Head accept Ralphie's challenge to settle their earlier argument by fighting. Head refused, but before he could leave, Ralphie and two of his friends approached and a scuffle ensued. As Head was backing away trying to retreat, he heard a gunshot and quickly realized that Robert had shot him. Head attempted to protect himself, but Robert shot him four more times before fleeing the scene. Witnesses to the fight called an ambulance, and Head was taken to the hospital, where he remained for ten days while his gunshot wounds were successfully treated.

Robert was arrested and indicted on one count of aggravated assault, one count of possession of a firearm during the commission of a crime, and one count of possession of a firearm by a convicted felon.[4] At Robert's trial on the aggravated assault and possession of a firearm during the commission of a crime charges, Head and two witnesses recounted the details of the fight and shooting. At the conclusion of the trial, Robert was found guilty on both charges. Thereafter, he obtained new counsel and filed a motion for new trial, which was amended and ultimately denied after a hearing. This appeal followed.

---

[1] OCGA § 16-5-21 (a) (2).

[2] OCGA § 16-11-106 (b) (1).

[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

[4] OCGA § 16-11-131 (b). Pursuant to Robert's motion to bifurcate, the trial court agreed that this charge would be tried separately. Following his conviction on the other two charges, Robert decided to plead guilty to this charge.

In his sole enumeration of error, Robert Jones contends that his conviction should be reversed and that he should be granted a new trial because he received ineffective assistance of counsel. Specifically, Robert argues that his trial counsel was ineffective in failing to submit a written jury charge regarding sympathy for the victim. However, our Supreme Court has stated that "[i]t is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment." (Punctuation omitted.) *Bailey v. State.*[5] Furthermore, this rule "requires that that claim be raised before appeal if the opportunity to do so is available." (Punctuation omitted.) *Chapman v. State.*[6] If the claim of ineffective assistance of counsel is not raised at the earliest practicable moment, it is waived. *Thompson v. State.*[7]

Here, Robert's appellate counsel filed his original and amended motions for new trial. Although the amended motion for new trial contended that Robert had received ineffective assistance of trial counsel, appellate counsel expressly withdrew this claim at the hearing on the motion. "Contentions of ineffectiveness not raised on motion for new trial by counsel appointed after conviction are waived." (Punctuation omitted.) *Jenkins v. State.*[8] Accordingly, Robert's claim of ineffective assistance of counsel has been waived. See *Chapman*, supra, 279 Ga. App. at 206 (3); *Felton v. State.*[9]

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED APRIL 12, 2007.

*R. Gary Spencer*, for appellant.
*Paul L. Howard, Jr., District Attorney, David Getachew-Smith, Assistant District Attorney*, for appellee.

---

[5] *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994).

[6] *Chapman v. State*, 279 Ga. App. 200, 206 (3) (630 SE2d 810) (2006).

[7] *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987).

[8] *Jenkins v. State*, 282 Ga. App. 55, 56 (637 SE2d 785) (2006).

[9] *Felton v. State*, 270 Ga. App. 449, 453 (3) (606 SE2d 649) (2004).