## A11A0399. RAYBON v. THE STATE.

(710 SE2d 579)

PHIPPS, Presiding Judge.

After a jury trial, David Raybon was convicted of aggravated child molestation and child molestation. He contends that he received ineffective assistance of trial counsel because his counsel failed to move for a demurrer on his indictment in connection with the child molestation count. We disagree, and affirm.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish, pursuant to *Strickland v. Washington*,[1] that counsel's performance was deficient and that the deficient performance was prejudicial to his defense.[2] In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, we uphold the court's factual findings unless they are clearly erroneous, and review the court's legal conclusions de novo.[3]

Raybon complains that trial counsel did not move for a demurrer on the count that alleged that, during a certain period of time, he committed child molestation by "hav[ing] sexual intercourse with [K. S.], a child under 16 years of age, with intent to satisfy the sexual desires of said accused." He argues that this count of the indictment was subject to demurrer because the allegations therein also could have constituted felony statutory rape,[4] a conviction for which he asserts could have subjected him to a different punishment than a

---

[1] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] *Conaway v. State*, 277 Ga. 422, 424 (2) (589 SE2d 108) (2003).

[3] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

[4] See OCGA § 16-6-3 (a) (a person commits the offense of statutory rape when he or she

conviction for child molestation.

"An accused may challenge the sufficiency of an indictment by filing a general or special demurrer. A general demurrer challenges the sufficiency of the *substance* of the indictment, whereas a special demurrer challenges the sufficiency of the *form* of the indictment."[5] An indictment is sufficient to withstand a general demurrer

> if an accused would be guilty of the crime charged if the facts as alleged in the indictment are taken as true[;] . . . however, if an accused can admit to all of the facts charged in the indictment and still be innocent of a crime, the indictment is insufficient and is subject to a general demurrer.[6]

An indictment is sufficient to withstand a special demurrer if

> it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[7]

The alleged child molestation occurred when Raybon was in his early twenties and the victim, K. S., was 11 to 12 years old. Child molestation is committed when a person "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[8] The allegation in the child molestation count that Raybon had sexual intercourse with a child under 16, with the intent to satisfy his sexual desires, contained the elements of the offense of child molestation.[9] Moreover, the child

---

engages in sexual intercourse with any person under the age of 16 years and not his or her spouse).

[5] *State v. Corhen*, 306 Ga. App. 495, 496-497 (700 SE2d 912) (2010) (citation and punctuation omitted).

[6] Id. at 497 (citation omitted); see *Lowe v. State*, 276 Ga. 538, 539-540 (2) (579 SE2d 728) (2003).

[7] *Corhen*, supra (citations omitted).

[8] OCGA § 16-6-4 (a) (1).

[9] See *Maynard v. State*, 290 Ga. App. 403, 404-405 (1) (659 SE2d 831) (2008) (adult's act of having sexual intercourse with child can support conviction for child molestation), contrasting *Dixon v. State*, 278 Ga. 4-7 (1) (596 SE2d 147) (2004) (person could not be convicted of felony child molestation for act constituting *misdemeanor* statutory rape — sexual intercourse between a person fourteen or fifteen years old and a person no more than three years older). Misdemeanor statutory rape was not at issue in this case due to the ages of Raybon and the victim. See OCGA § 16-6-3 (c).

molestation count apprised Raybon of the charge against him, and when and how it was committed. Accordingly, the indictment was sufficient to withstand a special demurrer.[10] And Raybon could not have admitted to the facts charged and still be innocent of child molestation; thus the indictment was sufficient to withstand a general demurrer.[11]

Citing the rule of lenity, Raybon argues that the child molestation count of the indictment nevertheless was subject to demurrer. "The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment."[12] But Raybon has provided no authority, and we have found none, for the proposition that the rule of lenity could subject to demurrer an otherwise sufficient indictment.[13]

Because the indictment was sufficient to withstand demurrer,[14] the failure of Raybon's trial counsel to move for demurrer did not constitute deficient performance.[15] Accordingly, Raybon did not demonstrate that he received ineffective assistance of counsel, and the trial court did not err in denying his motion for new trial.[16]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED APRIL 18, 2011.

*William J. Mason*, for appellant.
*Scott L. Ballard, District Attorney, Robert W. Smith, Jr., Assistant District Attorney*, for appellee.

---

[10] See *Corhen*, supra at 501 (4).

[11] See *Lowe*, supra; *Corhen*, supra.

[12] *Banta v. State*, 281 Ga. 615, 617 (2) (642 SE2d 51) (2007) (citation omitted).

[13] Cf. id. at 618 (2) (where single act, as factual matter, violates more than one penal statute, defendant may be prosecuted for more than one crime; the injustice to be avoided in that circumstance is *sentencing* the defendant for more than one crime following his conviction of multiple crimes; this injustice is avoided through merger, not application of rule of lenity); *Falagian v. State*, 300 Ga. App. 187, 190-191 (2) (684 SE2d 340) (2009) (argument based on rule of lenity was premature when defendant had not yet been convicted).

[14] See *Corhen*, supra.

[15] See *Jackson v. State*, 285 Ga. 840, 842 (2) (684 SE2d 594) (2009); *May v. State*, 287 Ga. App. 407, 409 (4) (651 SE2d 510) (2007).

[16] *May*, supra.