**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 31, 2012**

# In the Court of Appeals of Georgia

A12A1662. RIGGS v. THE STATE.

MILLER, Presiding Judge.

Darren David Riggs, proceeding pro se, appeals from the trial court's order denying his motion to withdraw guilty plea. On appeal, Riggs contends that (i) his plea was involuntary. Riggs further contends that the trial court erred in (ii) denying his motion to discharge appointed counsel and to proceed pro se, (iii) denying several pre-trial motions, and (iv) intervening in plea negotiations. In addition, Riggs

contends that (v) trial counsel provided ineffective assistance.[1] For the reasons discussed below, we affirm.

After sentencing, "a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice–ineffective assistance of counsel or an involuntary or unknowingly entered guilty plea." (Footnote omitted.) *Wilson v. State*, 302 Ga. App. 433, 434 (1) (691 SE2d 308) (2010). The trial court is the final arbiter of all factual issues raised by the evidence, and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion. *Lawton v. State*, 285 Ga. App. 45, 46 (645 SE2d 571) (2007).

---

[1] As a threshold matter, we address the deficiencies in Riggs's appellate brief, which fails to comply with our Rule 25. We note that Riggs's election to proceed with his appeal pro se does not excuse him from compliance with the substantive and procedural requirements of the law. See *Salazar v. State*, 256 Ga. App. 50, 53 (4) (567 SE2d 706) (2002). Notably, Riggs has enumerated 32 errors, but the argument in his brief fails to follow the order and number of the enumeration of errors, as required by Court of Appeals Rule 25 (c) (1). The argument itself does not even address each enumeration of error. "As this Court has noted in the past, such briefs hinder this Court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown to a pro se appellant." (Punctuation and footnote omitted.) *Slmbey v. State*, 288 Ga. App. 717, 718 (655 SE2d 223) (2007). Nonetheless, we will review his claims of error to the extent we can, "based on what we perceive his arguments to be." (Citation and punctuation omitted.) *Cameron v. State*, 295 Ga. App. 670 (1) (673 SE2d 59) (2009).

The record shows that in September 2008, Riggs was charged with three counts of delivery and distribution of cocaine (OCGA § 16-13-30 (b)); one count of criminal attempt to commit child molestation (OCGA §§ 16-4-1, 16-6-4 (a) (1)); six counts of child molestation (OCGA § 16-6-4 (a) (1)); one count of enticing a child for an indecent purpose (OCGA § 16-6-5 (a)); two counts of cruelty to children in the first degree (OCGA § 16-5-70 (b)); two counts of false statements (OCGA § 16-10-20); one count of statutory rape (OCGA § 16-6-3 (a)); one count of incest (OCGA § 16-6-22 (a) (1)); and one count of aggravated child molestation (OCGA § 16-6-4 (c)). Riggs was appointed counsel from the public defender's office.

The State subsequently proposed a plea offer involving dismissal of the three counts of distribution of cocaine and the incest charge, a reduction of the aggravated child molestation charge to child molestation, and entry of a guilty plea to the remaining charges. The State's plea offer included a total sentence of 40 years to serve 20 years in prison and the balance on probation. At a hearing to discuss the plea offer, trial counsel testified that he advised Riggs of the plea offer. The trial court explained the total sentencing ranges for each offense, and asked Riggs if he

understood the sentencing ranges and the terms of the State's plea offer.[2] Riggs confirmed that he understood the terms of the plea offer and was aware of the total sentence he faced if he went to trial and was convicted. Riggs stated that, while he did not wish to go to trial, he could not accept the plea offer. The State agreed to keep the offer open for a few more days to allow Riggs to consider his options, but Riggs did not accept the offer before it expired.

On the day of his trial, Riggs stated that he wished to accept the State's prior plea offer. The State refused to renew its prior plea offer, but agreed to allow Riggs to enter a non-negotiated plea. As part of the non-negotiated plea, the State agreed to nolle prosse the incest charge and reduce the aggravated child molestation charge to child molestation. During the ensuing plea colloquy, the State laid out the factual basis for each crime to which Riggs entered a guilty plea. Riggs testified under oath that he understood the charges of the indictment, the rights that he was waiving by entering the guilty plea, the sentencing ranges for the charged offenses, and the conditions of probation. Riggs further affirmed that no promises or threats had been made in exchange for his guilty plea, and that he was satisfied with his counsel's

---

[2] The parties agreed that the total maximum statutory sentence for the charges was life plus 370 years.

services. The trial court accepted Riggs's guilty plea, and imposed a total sentence of 50 years to serve 30 years in prison, along with general and special conditions of probation.

Following oral pronouncement of the sentence, Riggs filed a motion to withdraw his guilty plea. Following an evidentiary hearing, the trial court denied Riggs's motion.

1. Riggs contends that he was entitled to withdraw his guilty plea because it was not voluntarily entered. We disagree.

> [W]hen the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citation and punctuation omitted.) *Blass v. State*, 293 Ga. App. 346 (667 SE2d 140) (2008).

In this case, the plea hearing transcript reveals that Riggs confirmed that he understood the charges pending against him, the rights that he was waiving by entering the guilty plea, and the sentencing ranges for the charged offenses. Riggs further stated that no promises or threats had been made in exchange for his guilty

plea. Given this evidence, the State met its burden of showing that Rigg freely and voluntarily entered his guilty plea, and the trial court did not err in denying his motion to withdraw the plea on this ground. See id.

2. Riggs also contends that the trial court erred in denying his bond request, denying the same without conducting a hearing, and denying other unspecified pre-trial motions. We disagree.

"Once a defendant solemnly admits in open court that he is, in fact, guilty of the offense charged, he generally may not thereafter raise independent claims that occurred prior to the entry of his guilty plea." (Citation omitted.) *Greason v. State*, 312 Ga. App. 859, 859-860 (720 SE2d 311) (2011). "An exception will only be made if the error goes to the very power of the State to bring the defendant into court." (Citations and punctuation omitted.) *Moore v. State*, 285 Ga. 855, 858 (2) (684 SE2d 605) (2009). Having entered a valid plea of guilty, Riggs cannot now raise claims challenging the denial of pre-trial motions. Cf. *Moore*, supra, 285 Ga. at 858 (2) (valid guilty plea barred appeal to challenge arrest warrant); *Umbehaum v. State*, 251 Ga. App. 471, 472-473 (2) (554 SE2d 608) (2001) (valid guilty plea precluded challenge on speedy trial grounds).

3. Riggs raises numerous claims that he failed to raise in his written motion to withdraw his plea or at the hearing on said motion. Specifically, Riggs attempted to amend his motion to withdraw his plea by adding claims that the trial court improperly participated in the plea negotiation process ; the trial court improperly denied his motion to substitute counsel and allow him to proceed pro se ; and the trial court ignored trial counsel's lack of preparation before trial . Riggs, however, failed to raise these claims until after the hearing on his motion to withdraw his plea. To the extent Riggs attempted to amend his motion, we cannot consider such amendment on appeal.

> A defendant must file a post-sentencing motion to withdraw a guilty plea in the same term in which he was sentenced. After the expiration of that term, the trial court lacks jurisdiction to allow the withdrawal of the plea. Thus, after the expiration of that term and of the time for filing an appeal from the conviction, the only remedy available to the defendant would be through habeas corpus proceedings.

(Citations and punctuation omitted.) *Matthews v. State*, 295 Ga. App. 752, 754 (1) (673 SE2d 113) (2009). The judgment of conviction was entered on October 1, 2010, during the trial court's September 2010 term. OCGA § 15-6-3 (17). While Riggs filed his initial motion to withdraw during the same term, it was not until the June 2011 term of court, however, that he attempted to amend his motion to add the above

7

claims. Id. Consequently, "the amended motion[], containing new claims, [was] therefore not within the court's jurisdiction and could not form a basis for withdrawal." (Citation and punctuation omitted.) *Matthews*, supra, 295 Ga. App. at 754 (1); cf. *Wilcox v. State*, 236 Ga. App. 235, 238-239 (4) (511 SE2d 597) (1999) (defendant waives a claim when he fails to raise it in motion to withdraw or at hearing on the same).[3]

4. Riggs contends that he was entitled to withdraw his guilty plea based upon the ineffective assistance provided by his counsel. We disagree.

> Where . . . the defendant bases his motion to withdraw on an ineffective assistance of counsel claim, he bears the burden of showing that his attorney's performance was deficient and that, but for counsel's errors, a reasonable probability exists that he would have insisted on a trial. A court need not address both the deficient performance and prejudice prongs of this test if the showing on one prong is insufficient. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Punctuation and citation omitted.) *Williams v. State*, 307 Ga. App. 780 (706 SE2d 82) (2010).

---

[3] Nevertheless, since Riggs argues that his trial counsel was ineffective in failing to adequately prepare for trial and other pre-trial proceedings, we shall review his contentions of error relating to trial counsel's alleged lack of preparation in the context of his ineffective assistance of counsel claims in Division 4 (f) below.

(a) Riggs asserts that trial counsel was ineffective for failing to file a demurrer to the indictment. We disagree.

(i) Riggs argues the indictment was subject to demurrer because the child molestation counts should have also merged with the rape offense.

> An accused may challenge the sufficiency of an indictment by filing a general or special demurrer. A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment. An indictment is sufficient to withstand a general demurrer if an accused would be guilty of the crime charged if the facts as alleged in the indictment are taken as true; however, if an accused can admit to all of the facts charged in the indictment and still be innocent of a crime, the indictment is insufficient and is subject to a general demurrer.

> An indictment is sufficient to withstand a special demurrer if it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

(Citations and punctuation omitted.) *Raybon v. State*, 309 Ga. App. 365, 366 (710 SE2d 579) (2011).

Here, Riggs does not contend that the indictment did not apprise him of the charges against him, nor does he contend that he could have admitted the allegations charged and still be found innocent of child molestation. Rather, he claims that the

indictment was subject to demurrer on the basis that the child molestation offenses should have merged with the rape offense. However, Riggs has provided no authority, and we have found none, for the proposition that the rule of merger could subject an indictment to demurrer. Indeed, his claim of merger was "premature and inappropriate for resolution by way of demurrer." (Citation omitted.) *Drewry v. State*, 201 Ga. App. 674, 676 (3) (411 SE2d 898) (1991); see also *Raybon*, supra, 309 Ga. App. at 367, n. 13 ("[W]here single act, as factual matter, violates more than one penal statute, defendant may be prosecuted for more than one crime; the injustice to be avoided in that circumstance is sentencing the defendant for more than one crime following his conviction of multiple crimes; this injustice is avoided through merger[.]") (punctuation and citation omitted).

(ii) Riggs claims that trial counsel was ineffective for failing to challenge the indictment on the ground that the child molestation counts were multiplicitious. "Multiplicity is the charging of the same crime in several counts of a charging document." (Citations and punctuation omitted.) *Chancey v. State*, 256 Ga. 415, 433 (7) (349 SE2d 717) (1986). Riggs asserts that Counts 2, 4, 7, 8, 9, 10, and 11 were multiplicitious because they occurred at the same time and place and involved the same participants. While the challenged counts all charge Riggs with committing

10

child molestation, each count is based upon different allegations.[4] In other words, the facts needed to prove each count was entirely different from the other counts, and therefore, the indictment was not multiplicitious. Id. Consequently, trial counsel's failure to move for demurrer on the grounds claimed by Riggs did not constitute ineffective assistance of counsel.

(b) Riggs also asserts that trial counsel was deficient for failing to file a speedy trial demand under OCGA § 17-7-170 (a). Riggs claims that trial counsel ignored his repeated requests for a speedy trial. At the hearing on Riggs's motion to withdraw his plea, however, trial counsel testified that he declined to file a statutory demand for strategic reasons. "[T]he decision to file a speedy trial demand is usually tactical in nature, and with regard to trial strategy, effectiveness should not be evaluated in hindsight." (Citations and punctuation omitted.) *Jenkins v. State*, 282 Ga. App. 55,

---

[4] Count 2 alleged that Riggs exposed the naked victim to one individual with the intent to arouse and satisfy Riggs's sexual desires. Count 4 charged Riggs with displaying the naked victim to a second individual and spreading the victim's leg's for the purpose of exposing the victim's genitalia. Count 7 alleged that Riggs displayed an explicit video to and in the victim's presence. Count 8 charged Riggs with encouraging one male to engage in sexual acts with the victim. Count 9 charged Riggs with encouraging another male to engage in sexual acts with the victim. Count 10 alleged that Riggs lifted the victim's clothing to expose her genitalia to one male. Count 11 charged Riggs with lifting the victim's clothing to expose her genitalia to a different male.

11

56 (637 SE2d 785) (2006). Consequently, trial counsel's decision to not file a speedy trial demand did not amount to ineffective assistance of counsel. See id.

(c) Riggs asserts that trial counsel was ineffective for presenting incomplete plea offers, which hindered Riggs's ability to make a sound decision. There is no merit to his claim.

At the hearing on Riggs's motion to withdraw his plea, trial counsel testified that he visited Riggs on multiple occasions to discuss the merits of the plea offers made by the State. While trial counsel admitted that he did not present a complete plea offer to Riggs on one occasion, trial counsel explained that Riggs was not interested in accepting any plea offer at the time. Notwithstanding Riggs's claim that trial counsel lied about their communications, "[t]he trial court was authorized to believe counsel's testimony over [Riggs's]. Thus, [Riggs] has demonstrated no deficient performance in connection with the plea offer." (Footnote and punctuation omitted.) *Allen v. State*, 302 Ga. App. 190, 192 (2) (a) (690 SE2d 492) (2010).

(d) Riggs argues that trial counsel was ineffective for hiding and destroying several photographs that would have impeached the testimony of two key witnesses. Contrary to Riggs's claim, however, trial counsel testified at the hearing on Riggs's motion to withdraw his plea that he was unaware of the subject photographs, never

12

received them, and never misplaced or destroyed any evidence or information given to him by Riggs. Trial counsel further stated that he investigated the information provided by Riggs, and that much of that information turned out to be unhelpful or hurtful to Riggs's defense. While Riggs again challenges trial counsel's veracity, the trial court was authorized to believe trial counsel's testimony. See *Allen*, supra, 302 Ga. App. at 192 (2) (a); see also *McDaniel v. State*, 279 Ga. 801, 801-802 (2) (621 SE2d 424) (2005) (noting that trial court's factual findings and credibility determinations must be accepted unless they are clearly erroneous).

(e) Riggs also raises several enumerations of error asserting that trial counsel was unprepared at pre-trial hearings and for trial. His claim is without merit.

(i) Riggs asserts that trial counsel was deficient in ensuring that two witnesses were available to testify at his trial. Riggs relies on the fact that trial counsel filed a first supplemental witness list only days before the scheduled trial. Trial counsel explained that the delay in filing the supplemental list occurred because he had only learned that these witnesses were material to Riggs's defense about a month prior to his trial and there was a delay in getting the necessary discovery. While Riggs complains that trial counsel did not initially list these witnesses' phone numbers, trial counsel subsequently filed a second supplemental witness list prior to trial that

13

provided the necessary information. To the extent Riggs also argues that trial counsel had failed to subpoena these witnesses with less than a week prior to trial, there is no evidence that these witnesses were unavailable to testify at his trial. Indeed, on the day of the scheduled trial, trial counsel indicated that he was ready to proceed. Consequently, there is no evidence showing that the two witness were unavailable to testify at Riggs's trial, and his claim of ineffectiveness on this ground fails.

(ii) Riggs next argues that trial counsel displayed his lack of preparation when counsel indicated that he was still working on a jury questionnaire several days prior to trial. Pretermitting whether trial counsel was deficient in this respect, Riggs has not demonstrated that he was prejudiced by counsel's performance. Notably, after reviewing the proposed questionnaire prepared by the State, trial counsel indicated that he had only a few additional questions that he wanted to include. The trial court permitted counsel to supplement the State's questionnaire, and indicated that trial counsel would not be limited by the State's questionnaire in selecting the jury. In light of this evidence, Riggs has failed to demonstrate that had counsel completed the jury questionnaire sooner, he would have elected to proceed to trial. See *Williams*, 307 Ga. App. at 780.

14

(iii) Riggs also contends that trial counsel displayed his lack of preparation in failing to collect a complete list of phone numbers and addresses for the State's witnesses. At a pretrial hearing, trial counsel requested that the State supplement its witness list to provide all of the witnesses' contact information. There is no indication that the State failed to provide this information to trial counsel. There is also no evidence that trial counsel was unable to contact the State's witnesses, or that his defense was hampered in any way as a result of the delay in receiving the requested information. Indeed, on the day of Riggs's scheduled trial, trial counsel stated that he was ready to proceed. Consequently, Riggs has failed to demonstrate that he would have proceeded to trial had trial counsel been provided with the addresses and phone numbers of the State's witnesses at an earlier date. See *Williams*, 307 Ga. App. at 780.

(iv) Riggs asserts that trial counsel was ineffective for failing to adequately prepare for the similar transaction hearing. Riggs relies on the fact that at a pretrial hearing on trial counsel's motion to withdraw, trial counsel indicated that he was unaware that the trial court was also planning to consider the State's request to introduce similar transaction evidence. The trial court stated that it was also surprised that the similar transaction hearing had been scheduled for the same time, as it believed the hearing's sole purpose was to consider trial counsel's motion to

15

withdraw. The trial court then rescheduled the similar transaction hearing, where trial counsel provided extensive argument.

Riggs contends that trial counsel did not provide "valid" legal arguments at the similar transaction hearing. In his appellate brief, however, Riggs did not address what arguments trial counsel should have presented. Consequently, he has waived his argument regarding his trial counsel's alleged failure to present adequate legal arguments at the similar transaction hearing. See *Lloyd v. State*, 263 Ga. App. 234, 238 (5) (587 SE2d 372) (2003).

Riggs also claims that trial counsel ignored evidence that would have allegedly disproved the similar transaction allegations. At the hearing on Riggs's motion to withdraw his plea, trial counsel testified that in light of the proffer made by the State at the similar transaction hearing, he did not know of any material evidence that he failed to present. Trial counsel further testified that one individual who wrote a character letter on Riggs's behalf could not be used as a witness because that individual was not alleged to have seen the similar transaction. Riggs also argues that trial counsel could have disproved the similar transaction evidence because the mother of one of the similar transaction victims was misidentified somewhere in the record. This misidentification, if true, would not have refuted the occurrence of the

16

similar transaction. Therefore, Riggs has not demonstrated that trial counsel performed deficiently at the similar transaction hearing.

(f) Riggs next asserts that trial counsel showed no interest in defending him, as counsel allegedly failed to make a single objection during twelve pre-trial hearings. In his brief, however, Riggs did not address what objections were necessary, or how they prejudiced his case. Consequently, he has waived his argument that trial counsel was deficient on this ground. See *Lloyd*, supra, 263 Ga. App. at 238 (5).

(g) Riggs remaining enumerations of error relating to ineffective assistance of counsel are not supported by citations of authority or argument, Therefore, these enumerations are deemed abandoned. See *Slmbey*, supra, 288 Ga. App. at 718.

5. Lastly, Riggs argues that the trial court violated various statutes. Riggs, however, did not enumerate this argument as error. "[A] party cannot expand [his] enumerations of error through argument or citation in [his] brief." (Punctuation and footnote omitted.) *Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007). As a result, we cannot consider his additional claims.

Accordingly, Riggs has failed to demonstrate that withdrawal of his plea was necessary to correct a manifest injustice, and the trial court did not abuse its discretion in denying his motion.

17

*Judgment affirmed. Ray and Branch, JJ., concur.*