# Court of Appeals
# of the State of Georgia

ATLANTA, September 21, 2015

*The Court of Appeals hereby passes the following order:*

**A15A2239. DARREN D. RIGGS v. THE STATE.**

Darren D. Riggs pled guilty to multiple offenses, including child molestation and making a false statement. The trial court denied Riggs' motion to withdraw his plea, and we affirmed the court's ruling on appeal. See *Riggs v. State*, 319 Ga. App. 189 (733 SE2d 832) (2012). Riggs subsequently filed a "Motion to Withdraw Plea as of Right under OCGA § 17-7-93 (b)" and a "Motion to Correct Void Sentence," which the trial court denied. Riggs then filed this direct appeal.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Riggs' merger argument, however, is a challenge to his convictions, not to his sentence. See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010). Because Riggs has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal.[1] See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, supra. Moreover, we have previously rejected Riggs'

---

[1] Moreover, we note that Riggs raised a merger argument in his direct appeal. See *Riggs v. State*, supra at 193 (4) (a) (i). "It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also Jordan v. State, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our ruling in the prior case acts as res judicata. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Thus, Riggs is estopped from seeking further judicial review on the validity of his sentence. See id.; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rules bars successive void sentence appeals).

attempt to withdraw his guilty plea, and he is barred from relitigating those issues. See *Hooks v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta, 09/21/2015*
    *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
    *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*