# Court of Appeals
# of the State of Georgia

ATLANTA,  October 04, 2017

*The Court of Appeals hereby passes the following order:*

**A18D0107. DARREN D. RIGGS v. THE STATE.**

In 2010, Darren D. Riggs entered a non-negotiated plea to multiple offenses, including child molestation and making a false statement. He was sentenced to 50 years, with 30 years to serve in prison. The trial court denied Riggs's motion to withdraw his plea, and we affirmed on appeal. See *Riggs v. State*, 319 Ga. App. 189 (733 SE2d 832) (2012). On November 15, 2013, Riggs filed a "Motion to Reduce Sentence," which the trial court denied. On appeal, we vacated in part Riggs's sentence, concluding that his sentence violated OCGA § 17-10-6.2 (b) because the trial court failed to sentence him to split sentences for his sexual offense convictions. See *Riggs v. State*, A15A2338 (decided March 4, 2016). We remanded to the trial court for resentencing, and the case remains pending below.

In May 2017, Riggs filed a motion to recuse the trial judge in his criminal proceedings. He also filed a "Motion in Limine," urging the trial court to issue a certificate of immediate review on his motion to recuse. Following the trial court's denial of both motions, Riggs filed the instant application for discretionary review. We, however, lack jurisdiction.

The orders that Riggs seeks to appeal are interlocutory. See OCGA § 5-6-34 (a) (1) (providing for a direct appeal from a "final judgment[ ], that is to say, where the case is no longer pending in the court below"); *Murphy v. Murphy*, 322 Ga. App. 829, 830 (747 SE2d 21) (2013) (An order denying a motion to recuse is interlocutory). At the time Riggs filed his instant application, he was still awaiting resentencing in the trial court. Therefore, in order to obtain appellate review of his recusal request and his "Motion in Limine," Riggs was required to follow the

interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996) (where contested order is interlocutory, discretionary appeal statute does not excuse failure to comply with OCGA § 5-6-34 (b)). Here, the trial court has not issued a certificate of immediate review. Riggs's failure to follow the proper appellate procedure deprives us of jurisdiction to consider his application. See *Warringer v. Warringer*, 204 Ga. App. 86, 86 (418 SE2d 446) (1992). Accordingly, his application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__10/04/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*